Richard SHOBE, Plaintiff-Respondent,

v.

Jere BORDERS, Defendant-Appellant.

No. KCD 27945.

Missouri Court of Appeals,
Kansas City District.

July 6, 1976.

Rehearing Denied Aug. 2, 1976.

Hollis H. Hanover, Wm. Dirk Vandever, Popham, Popham, Conway, Sweeny & Fremont, Kansas City, for defendant-appellant.

Clyde G. Meise, J. Michael Jarrard, Meise, Cope & Jarrard, Kansas City, for plaintiff-respondent.

Before TURNAGE, P. J., and WELBORN and HIGGINS, Special Judges.

TURNAGE, Presiding Judge.

Appeal following judgment entered on a jury verdict in favor of Richard Shobe and against Jere Borders for $9,000 personal injuries and $1,000 property damage. Borders complains the cause of action was based on the violation of an Independence ordinance which is claimed to be unconstitutional because it purported to regulate conduct in a vague and arbitrary fashion. Affirmed.

At the time of the occurrence, Independence had in force an ordinance, one section of which read as follows:

SEC. 3.310. DOGS RUNNING AT LARGE

A. It shall be unlawful for the owner of any dog to let such dog run at large, whether licensed or not, at any time, within the City of Independence, Missouri; and any dog or dogs found to be running at large shall be impounded by the Public Humane Officer of the City of Independence, at the humane shelter.

B. For the purpose of this section, the term "at large" is defined to be and mean off the premises of the owner and not under the reasonable control of owner or member of the immediate family.

C. "Reasonable control" as used herein is deemed to be when such dog is on the premises of its owner, or when such dog is not on the owner's premises but with and under the control of its owner, his agent, or some member of the owner's family.

D. "Not under reasonable control"—A dog shall be deemed to be not under reasonable control when such dog, not being upon the premises of its owner, or not with or under the control of its owner, the owner's agent, or some member of the owner's family, or when such dog commits damage to the person or property of anyone other than its owner, except when the dog is in defense of its owner, his family or property.

Shobe rode his motorcycle to visit a friend in Independence and while riding down the street, the Borders' dog, Charlie, suddenly ran from the sidewalk into the street. Charlie grabbed the front wheel of the motorcycle causing the cycle to overturn, throwing Shobe to the pavement. Charlie was part Labrador Retriever, part German Shepherd and part Great Dane, and was described as being something over three and one-half feet tall.

At the time of the occurrence, Charlie was walking with the Borders' 15 year old son. No leash or other restraint was being used to control Charlie. Both Borders and his son testified Charlie would obey the son in the sense the dog would come to the son when called.

 On this appeal Borders contends the language of the ordinance quoted above is unconstitutionally vague and arbitrary because it fails to sufficiently advise residents of Independence as to what their dogs were permitted to do or prohibited from doing.

Borders levels his attack at the definition of the terms "at large", "reasonable control" and "not under reasonable control". Borders poses a number of hypothetical situations in an attempt to demonstrate the confusing language of the ordinance and the definitions therein. However, it is not necessary to determine if a situation could be imagined in which the terms of the ordinance might be vague or confusing, since the only application which is to be made of the ordinance is to the facts of this case.

Under the facts in this case, Charlie was off the premises of his owner and did damage to the person and property of another.

There is no contention he was in the defense of his owner's family or property so the only exception to Section 3.310(D) is not applicable.

Borders bottoms his argument of unconstitutionality on the alleged vague and arbitrary terms of the ordinance in light of criminal cases. He relies on *Bouie v. City of Columbia*, 378 U.S. 347, 84 S.Ct. 1697, 12 L.Ed.2d 894 (1964) and *Smith v. Goguen*, 415 U.S. 566, 94 S.Ct. 1242, 39 L.Ed.2d 605 (1974). Those cases speak in terms of vagueness as applied to the requirements of a criminal statute. However, as pointed out in *Solan & Billings v. Pasche*, 153 S.W. 672, 674 (Tex.Civ.App.1913): "It is objected that the section of the law quoted is unconstitutional and cannot be enforced as a penal statute, because it is so vague and indefinite that it is not susceptible of enforcement as such. It is unnecessary to determine whether or not the statute is subject to the particular objection urged, as it was at least sufficient as a remedial statute imposing a civil duty so as to render its violation negligence per se." See also *Howsley v. Gilliam*, 517 S.W.2d 531 (Tex. 1975).

Furthermore, "[c]ourts do not declare void for uncertainty any statute susceptible to any reasonable construction which will sustain it." *In re Armistead*, 362 Mo. 960, 245 S.W.2d 145, 151[8, 9] (1952).

■ Applying the above rules to the facts in this case, it is necessary to determine if the ordinance is sufficient as a remedial statute which imposes a civil duty under any reasonable construction.

Viewing the facts in this case in light of the provisions of the ordinance above, it is apparent Borders, as the owner of Charlie, was allowing such dog to run at large since the definition of "at large" is to be "off the premises of the owner and not under reasonable control of the owner or member of the immediate family." "Not under reasonable control" is defined as "not being upon the premises of its owner . . . or when such dog commits damage to the person or property of anyone other than its owner."

In plain and straightforward language, the ordinance gives the above definitions and it is not difficult to determine from the above that Charlie fit into the ordinance definition of a dog running at large and not under reasonable control. In short, if a dog were off the premises of the owner and did damage to the person or property of anyone else, then such dog was running at large and was not under reasonable control, and the owner had thereby violated the ordinance. This requires no strained or artificial construction of the ordinance, but simply follows the plain language used therein. This being so, the ordinance was definite enough to create a civil duty to keep a dog under control when off the premises of the owner to prevent it from doing injury to persons or damage to property.

■ Having found the ordinance sufficiently definite in its terms to create civil liability, it is unnecessary to pass on its constitutionality or to determine if it would support any type of criminal or penal sanction. Therefore, the court was correct in using the ordinance as a standard of conduct for Borders with reference to his ownership of Charlie.

■ Borders next seeks to claim error on the ground Shobe failed to prove Borders violated the ordinance; that Shobe was within the class of persons intended to be protected by such ordinance; that Shobe's injuries were of the character the ordinance was designed to prevent; and that such injuries were proximately caused by violation of such ordinance. However, this assignment of error has not been preserved for review. At the close of all of the evidence, Borders filed a motion for directed verdict. In this motion the only attack upon the ordinance, or upon the evidence adduced to show its violation, was the argument just considered. None of the matters sought to be raised in this point were included in such motion.

After the verdict Borders filed a motion for judgment in accordance with the motion for directed verdict in which he reiterated his motion for directed verdict. He did not

file a motion for a new trial. The point attempted to be asserted here was a proper subject for the motion for judgment in accordance with the motion for directed verdict. However, to properly preserve this point for review, it was necessary for it to be raised either in a motion for a new trial or in the motion for judgment in accordance with the motion for directed verdict. Rules 78.07, 72.01.

Since the question sought to be raised by the second point has not been preserved for review, there is nothing presented for determination. *Safe-Buy Real Estate Agency, Inc. v. Hemphill*, 498 S.W.2d 599 (Mo. App.1973).

The judgment is affirmed.

All concur.