**SOUTHWESTERN BELL TELEPHONE COMPANY, Plaintiff-Respondent,**

v.

**Richard BUIE, Defendant-Appellant.**

No. 49348.

Missouri Court of Appeals,
Eastern District,
Division One.

April 23, 1985.

Richard B. Blanke, St. Louis, for defendant-appellant.

James A. Daugherty, St. Louis, for plaintiff-respondent.

KAROHL, Judge.

Defendant-appellant, who was an account representative of plaintiff-respondent, Southwestern Bell Telephone Company, appeals trial court dismissal of Counts III, IV and V of defendant's five count amended counterclaim.

Plaintiff sued defendant for breach of contract arising out of defendant's alleged failure to pay a bill for a Yellow Pages Telephone Directory advertisement. Defendant answered and by compulsory counterclaim alleged intentional misrepresentation in Count I and breach of the alleged advertising contract in Count II. Defendant as an employee of plaintiff brought three additional counts by permissive counterclaim which alleged breach of a collective bargaining agreement in Count III, prima facie tort in Count IV relating to the acts in Count III, and prima facie tort in Count V resulting from plaintiff's requested transfer of defendant from St. Louis, Missouri to Houston, Texas but denial of a subsequent request for transfer made by defendant's wife who was also an employee of plaintiff.

Defendant had been suspended for nine days without pay and charged back $11,800 in commissions for allegedly associating customer advertising accounts improperly. After defendant's suspension and subsequent chargeback of commissions, he pursued the grievance procedures contained in the applicable Collective Bargaining Agreement of plaintiff's employer and defendant's union, Communication Workers of America, and ultimately submitted the dispute to binding arbitration. On February 25, 1983 arbitrator Wilbur C. Bothwell upheld the suspension and denied defendant's grievance.

Plaintiff's motion to dismiss Counts III, IV and V of the counterclaim alleged that the trial court had no subject matter jurisdiction. Plaintiff's suggestions in support of its motion to dismiss stated: (1) defendant may not pursue litigation of the same dispute previously resolved by binding arbitration; (2) defendant did not pursue the grievance-arbitration procedures with respect to the chargeback of commissions within the time period specified in the Collective Bargaining Agreement; and, (3) defendant's Count V is premised on plaintiff's treatment of defendant's wife, an employee of plaintiff, and defendant is not authorized to act on behalf of his wife. The trial court sustained plaintiff's motion without stating reasons.

The scope of review of the motions to dismiss requires an examination of the pleadings allowing them their broadest intendment, treating all facts alleged as true, construing the allegations favorably to plaintiff [defendant in the case of a counterclaim], and determining whether, upon that basis, the petition invokes princi-

ples of substantive law. *Porter v. Crawford & Co.*, 611 S.W.2d 265, 266 (Mo.App. 1980), citing *Shapiro v. Columbia Union National Bank and Trust Co.*, 576 S.W.2d 310 (Mo.banc 1978). A pleading will not be adjudged insufficient upon a motion to dismiss if the allegations of the petition accorded a reasonable and fair intendment state a claim which can call for the invocation of principles of substantive law which may entitle the plaintiff to relief. *Porter,* 611 S.W.2d at 266, citing *Kersey v. Harbin,* 591 S.W.2d 745 (Mo.App.1979).

■ Initially we determine whether we have jurisdiction before we appraise the merits of a case. *Union Electric Company v. City of St. Louis,* 636 S.W.2d 75 (Mo.App.1982). The plaintiff contends that the trial court's action and order was not final and appealable because it did not dispose of all issues between the parties. We disagree. Rule 81.06 states that "when a separate trial is had before the court without a jury of an entirely separate and independent claim unrelated to any other claims stated or joined in the case, then the judgment entered shall be deemed a final judgment for purposes of appeal ... unless the court orders it entered as an interlocutory judgment...." The trial court did not enter its dismissal as interlocutory. Plaintiff and defendant agree that Counts III, IV and V are totally different occurrences and bear absolutely no relevance to Counts I and II, or matters raised in plaintiff's petition. We find that Counts III, IV and V are not dependent in any respect on the outcome or final disposition of the petition or Counts I and II of the counterclaim. *Crenshaw v. Great Central Insurance Co.,* 527 S.W.2d 1, 3 (Mo.App.1975). The trial court's order is therefore final and appealable. We have jurisdiction and review on the merits.

■ Defendant contends that the trial court erred in dismissing Count V because the damage alleged is to defendant and not to his wife as plaintiff argues. Defendant's Count V attempts to state a cause of action for prima facie tort against defendant. The elements of a prima facie tort

are: (1) an intentional lawful act by the defendant; (2) an intent to cause an injury to the plaintiff; (3) injury to the plaintiff; and, (4) an absence of any justification or an insufficient justification for the defendant's act. *Porter,* 611 S.W.2d at 268.

■ Defendant's Count V pleads "that Plaintiff denied a geographical transfer to Defendant's wife with the intent to injure Defendant; that Defendant was thereby damaged; and that said act was done in the absence of any justification or with insufficient justification for the Plaintiff's acts." Defendant sets forth a claim of damages for his support of two households and moving expenses. The prayer is for both actual and punitive damages. Defendant's Count V also states that defendant *requested* his transfer to Houston which he was granted. He was also granted his request for a hardship transfer back to St. Louis.

Although defendant has incorporated the elements of a prima facie tort into Count V, he has not pleaded facts to support a finding that plaintiff's refusal to transfer defendant's wife was unjustified. Defendant has ignored this essential element and as such Count V fails to state a cause of action on defendant's theory.

Defendant has not pled that plaintiff had a duty to defendant to transfer his wife. In fact, defendant did not request the transfer for his wife or make his transfer conditional upon her's. This is not a case in which the employer caused the transfer of a husband but denied same to wife with the intent to injure. Here defendant requested his transfer which he was granted. His wife thereafter requested her transfer which was denied. She had the option to remain employed and not move or move and cease her employment with that specific employer. It was her choice to remain employed in St. Louis which caused the alleged damage defendant suffered. As pleaded, the plaintiff was under no obligation and had no duty to relocate defendant's wife. Defendant does not plead that plaintiff had an opening for employment in Houston, Texas or that the wife was not

essential to the plaintiff's operation in St. Louis. As far as the pleadings indicate plaintiff may not have been able to grant the wife's request even if plaintiff so desired. The newly recognized prima facie tort must rest upon a breach of some duty owed to the pleader.

Although the trial court affirmed the plaintiff's motion to dismiss for jurisdictional reasons we recognize the principle that if a trial court reaches a correct result for the wrong reason we must nevertheless affirm. *Marcum v. Sagehorn*, 660 S.W.2d 426, 429 (Mo.App.1983). The judgment of the trial court to dismiss defendant's Count V is affirmed.

Counts III and IV of defendant's counterclaim relate to a Collective Bargaining Agreement between defendant's union and plaintiff. Count III is a breach of contract action brought against plaintiff. Defendant pleads in Paragraph 4 of Count III that plaintiff breached its agreement in the following ways: (1) a panel of three umpires was not duly selected by the parties; (2) the umpire did not give his settlement within five working days after reception of briefs and this in the absence of an "emergency situation;" (3) no valid election for expedited arbitration was made and the plaintiff therefore improperly facilitated and expedited arbitration proceeding under Article V instead of an arbitration proceeding under Article IV; (4) plaintiff entered a "chargeback of commissions" allegedly under Article XXXI, Section 3 of the 1980 Departmental Agreement in the amount of $11,800; and that said chargebacks were not authorized or permitted therein; and, (5) that defendant was falsely accused of associating new customer advertising accounts with one already assigned to him without common ownership between the accounts when in fact there was common ownership, and as a result defendant was charged back $11,800 in commissions and suspended for nine days without pay, all without just cause.

Defendant pleads further in Paragraph 5 of Count III that "the Union violated its duty of fair representation by arbitrarily, capriciously and in bad faith depriving Defendant of his right of cross-examination and impeachment testimony as well as by arbitrarily, capriciously, and in bad faith refusing to call one witness who would have shown common ownership between those alleged to be without common ownership. The union further breached their duty of fair representation by inadequate preparation and consultation with your Defendant; and the falsity of the company's charges could have been discovered with a minimum of investigation; that the Union made no effort to ascertain the truth of the charges; that the Union's aforesaid breach of duty seriously undermined the integrity of the arbitral process, and therefore, Defendant brings this action against Plaintiff under § 301(a), 29 U.S.C. § 185(a), for the breach of contract alleged in paragraph four (4), above, of this Count III; and Defendant contends that he is not bound by the decisions of the contractual arbitral process, undermined as such by the UNION."

On this Count defendant claims damages for lost wages and commission for the unjust suspension and for the chargedback commission.

Count IV seeks actual and punitive damages for plaintiff's prima facie tort which constitute the breach of contract action alleged in Count III. Defendant incorporated the allegations of Paragraph 4 (5) of Count III into Count IV and pleads that "said suspension and chargeback was done by Plaintiff with the intent to cause damage to Defendant; that Defendant was thereby damaged; and that said acts were done in the absence of any justification or with insufficient justification for the Plaintiff's acts."

Defendant claims actual damages for lost wages and commission for the unjust suspension and for the chargedback commission. Defendant states that plaintiff's conduct was intentional and without just cause or excuse and that plaintiff "should be punished to deter it and others from like conduct, by an assessment of punitive damages."

Defendant contends that the trial court erred in dismissing Count III because the contractual remedies of the Collective Bargaining Agreement were neither exclusive nor final because he alleges the union breached its duty of fair representation which seriously undermined the integrity of the arbitration process thereby removing the bar of finality and the purported requirement that all disputes be settled through contractual procedures.

Plaintiff disagrees and relies on *Grubb v. Leroy L. Wade & Son, Inc.*, 384 S.W.2d 528 (Mo.1964) and argues this decision holds that a party may not pursue litigation of the same dispute previously resolved by binding arbitration. The court there affirmed summary judgment for defendant employer.

In *Grubb* five union members filed a grievance under their Collective Bargaining Agreement. The grievance was denied by a joint employer-employee committee. The Collective Bargaining Agreement required that the dispute next be submitted to arbitration. Instead the five members filed a common law suit alleging conspiracy and breach of contract. The Missouri Supreme Court held that they were bound by the arbitration clause in the Collective Bargaining Agreement thereby preventing suit in the state court. The plaintiffs-union members in *Grubb* made no response or verified denial to the affidavits and exhibits filed by the defendant in support of their motions for summary judgment.

■ Questions involving a labor union's duty of fair representation are governed by federal law. *Roach v. Consolidated Forwarding Co.*, 665 S.W.2d 675, 681 (Mo.App. 1984). The court in *Grubb* decided that the union members were bound by their contractual agreement and had no remedy to relitigate their claims in the courts. The *Grubb* court did not, however, reach the question of the effect of an allegation that the union breached its duty of fair representation in the required arbitration within the labor contract. *Grubb* and its progeny are sound for the proposition that submission of a grievance to labor arbitration

under a Collective Bargaining Agreement is binding on the parties and bars relitigation. These cases do not address the issue in the instant case and are consequently not decisive of the present dispute.

■ Missouri courts have jurisdiction and must decide whether there has been a breach of the duty of fair representation in a § 301, 29 U.S.C. § 185 breach of contract action. *Vaca v. Sipes*, 386 U.S. 171, 188, 87 S.Ct. 903, 915, 17 L.Ed.2d 842, 856 (1967).

> The union's breach of duty relieves the employee of an expressed or required requirement that disputes be settled through contractual grievance procedures; if it seriously undermines the integrity of the arbitral process the union's breach also removes the bar of the finality provisions of the contract ... To prevail against either the company or the Union, petitioners must not only show that their discharge was contrary to the contract but must also carry the burden of demonstrating breach of duty by the Union ... In our view, enforcement of the finality provision where the arbitrator has erred is conditioned upon the unions having satisfied its statutory duty fairly to represent the employee in connection with the arbitration proceedings. Wrongfully discharged employees would be left without jobs and without a fair opportunity to secure an adequate remedy ... Petitioners, if they prove an erroneous discharge and the Union's breach of duty tainting the decision of the joint committee, are entitled to an appropriate remedy against the employer as well as the Union.

*Hines v. Anchor Motor Freight, Inc.*, 424 U.S. 554, 567–572, 96 S.Ct. 1048, 1058–1060, 47 L.Ed.2d 231, 243–246 (1976).

■ Applying these principles, we conclude that the defendant has adequately pled a cause of action for breach of duty of fair representation in its breach of contract action and is entitled to have recourse to the courts on Count III. *Hines, Id.*

Defendant's claim for prima facie tort in Count IV which relates to the breach of contract action in Count III is also reversed and remanded as it properly pleads a cause of action, *See Porter v. Crawford & Co.*, 611 S.W.2d at 268, and is not barred by the arbitration provision of the labor contract alleged to be blighted by lack of fair representation by defendant's union. The basis for the tort claim is the acts alleged and not the breach of contract. *American Mortgage Investment Co., v. Hardin-Stockton*, 671 S.W.2d 283, 293 (Mo. App.1984).

Plaintiff raises for the first time on appeal that *"even if* the subject matter of appellant's Count III, IV and V were valid, they are untimely and barred by the (6) months limitation period in § 10(b) of the National Labor Relations Act (29 U.S. C.A. § 150(b). *Del Costello v. International Brotherhood of Teamsters*, 462 U.S. 151, 76 L.Ed.2d 476, 103 S.Ct. 2281 (1983)."

The statute of limitations is a defense which must be set forth affirmatively. Rule 55.08. A party desiring to avail himself of the statute of limitations must plead the particular statute upon which he relies. *Tudor v. Tudor*, 617 S.W.2d 610, 613 (Mo. App.1981), and cases cited therein. What particular statute of limitations, if any, may have been appropriate here need not be determined. Limitations were not pleaded or otherwise specifically invoked. We need not give it consideration. *Id.* We do not reach and do not decide this issue.

The dismissal of Count V is affirmed. The dismissal of Counts III and IV is reversed and remanded.

PUDLOWSKI, P.J., and GAERTNER, J., concur.