Paul E. JENSEN, Appellant,

v.

Duane L. FEELY, Respondent.

No. WD 36111.

Missouri Court of Appeals,
Western District.

May 21, 1985.

Elwyn L. Cady, Jr., Independence, for
appellant.

W. James Foland, Jennifer A. Gille, Shughart, Thomson & Kilroy, Kansas City, for respondent.

Before LOWENSTEIN, P.J., and SHANGLER and SOMERVILLE, JJ.

SHANGLER, Judge.

The plaintiff Jensen sued the owner of a dog to recover for a bite inflicted upon him by an animal at large on a public street, and not restrained by a leash as required by municipal ordinance. The plaintiff contends that the trial court erred in the submission of the case under a verdict director which required a finding of negligence, instead of on the negligence *per se* theory tendered.

The claim arises from a bite inflicted by Misty, a small dog, owned by the daughter of defendant Feely. Jensen was bitten, according to his version, by Misty while held at bay by a larger dog. Jensen was in the neighborhood as an enumerator to conduct a survey for the city directory. As he walked down the street from one house to the next, he was accosted by a large, barking shepherd dog [Elron]. He turned to face the large dog, and as he did, was bitten at the back of the left leg. He turned and saw the small terrier behind him. Someone gathered the small dog and carried it away. Jensen followed the person across the street into the Feely house. There his wound was cleansed and bandaged by Ms. Feely. The defense evidence was that Misty did not bite Jensen, but that Elron, a neighborhood cur, was the real offender.

The plaintiff placed in evidence Article 3 of the City Code of Independence, Missouri. Section 3.03.003 A. provides:

It shall be unlawful for the owner of any dog or cat to let such dog or cat run at large at any time.

Section 3.03.001.8 defines *at large* within the context of the Article to mean:

[A]ny dog or cat shall be deemed to be running at large when found on property other than that of the owner, keeper or harborer thereof, unless such dog or cat is securely fastened to a leash not more than eight (8) feet in length and of sufficient strength to restrain such dog or cat, and such leash is securely held by a person capable of controlling such dog or cat. Provided that, notwithstanding any other provision of this section, any dog or cat which shall trespass upon or enter the private property of another without authority or consent of the lawful occupant or owner thereof shall be deemed to be running at large.

Jensen contended to the trial court that the ordinance vests a private cause of action in tort against a violator, and that he was therefore entitled to submit the theory of recovery for injury from the breach under a negligence *per se* formulation.[1] The refusal of that tender is the issue on appeal. Feely responds to us that the ordinance does not grant a private right, and to imply such a cause of action derogates the common law.

■ Feely cites as the rule the principle in *Shqeir v. Equifax, Inc.*, 636 S.W.2d 944 (Mo. banc 1982) 1.c. 947[1]:

"[A] statute which creates a criminal offense and provides a penalty for its violation will not be construed as creating a new civil cause of action independently

---

1. The verdict director as submitted was on the model of MAI 17.01—Single Negligent Act Submitted:

   Your verdict must be for plaintiff if you believe:

   First, that the dog Misty was on property other than that owned by defendant and that the said dog Misty was not securely fastened by a leash securely held by a person capable of controlling such dog Misty, and

   Second, defendant was thereby negligent, and

Third, as a direct result of such negligence, plaintiff sustained damage.

The verdict director tendered by the plaintiff, but refused by the court, omitted the proposition Second finding of negligence altogether. If the ordinance vested a private cause of action in the plaintiff, of course, the *negligence* element of the cause of action was not an issue. *Oventrop v. Bi-State Development Agency*, 521 S.W.2d 488, 493[10] (Mo.App.1975); *Derboven v. Stockton*, 490 S.W.2d 301, 313[18] (Mo.App.1972).

of the common law, unless such appears by express terms or by clear implication to have been the legislative intent.[2]

Another and correlative principle, however, tempers that stricture [as *Shqeir,* supra, l.c. 948] acknowledges: When a legislative provision protects a class of persons by the requirement or proscription of certain conduct but does not provide a civil remedy for the violation, *the court may, if it determines that the remedy is appropriate to further the purpose and ensure the effectiveness of the enactment,* accord to an injured member of the class a right of action. State ex inf. *Ashcroft v. Kansas City Firefighters Local No. 42,* 672 S.W.2d 99, 109[8] (Mo.App.1984); Restatement (Second) of Torts § 874A (1977). In such a case, the creation of a new civil cause of action independent of an existent common law remedy will be implied because such appears "to have been the legislative intent." *Christy v. Petrus,* 365 Mo. 1187, 295 S.W.2d 122, 126[6] (banc 1956).

Our decision in *Shobe v. Borders,* 539 S.W.2d 330 (Mo.App.1976) already decides that the predecessor ordinance enacted by the City of Independence [§ 3.310], which rendered it unlawful for the owner of any dog to allow the animal to run at large and not under reasonable control, was sufficiently definite to create a civil liability against the owner for injury to person or property. The court discerned as a legislative purpose of the ordinance the prevention of injury to person and property. The court inferred from that transcendent objective, a private cause of action to a person injured by the breach. The earlier version of the dog control ordinance in *Shobe,* to be sure, defined *at large* somewhat more explicitly than do the components of the successor ordinance in that one alternative element of the *at large* definition in *Shobe* is that the dog commit damage to the person or property of another.[3] The alternative element of the *at large* definition of the successor ordinance, on the other hand, includes the trespass upon private property.

■ The full context considered, the successor ordinance does not impair the intent of the predecessor enactment that a dog-bite is an injury of the ilk the ordinance was designed to prevent. *Shobe,* supra, l.c. 322. In terms of the integral Article 3 *Licensing and Control of Cats and Dogs* of the Code of Independence, a dog which even threatens a person upon a public street or private property is of *dangerous and ferocious disposition*—even without prior incident—and is required to be restrained and confined within the premises of the harborer. It is evident that the concerns of such an enactment transcend the usual public health preoccupation to prevent rabies. *See* e.g. *Sayers v. Haushalter,* 493 S.W.2d 406, 409[7–10] (Mo.App. 1973). It is evident, also, that one purpose of the enacted Article is to prevent threat of injury—and, *a fortiori,* actual injury—to other persons on public or private premises within the municipality. We confirm of the ordinance what *Shobe* confirmed for the predecessor: that the ordinance intends a civil cause of action for persons upon the public streets or private premises against the risk of harm which occurred—injury from a dog at large—that a breach is actionable as negligence *per se* and that the injury Jensen describes is of the kind the ordinance was enacted to prevent. *Shobe,* supra, l.c. 332.

■ The defendant Feely contends next that a determination that the ordinance implies a private cause of action notwithstanding, the plaintiff Jensen has not proven the elements essential to a negligence *per se* submission: violation of the ordi-

---

**2.** The leash ordinance enacted by Independence does impose a penalty for the breach—a fine from $25.00 to $100.00, or a stint for the dog in an obedience school. We assume the ordinance creates *a criminal offense* within the *Shqeir* formulation of principle.

**3.** *Shobe v. Borders,* supra, l.c. 331.

nance, that Jensen was within the class of persons the ordinance designs to protect, that the injury was of the kind the ordinance was designed to prevent, and that the violation of the ordinance was the proximate cause of the injury. That enumeration confounds and intermixes questions of law and questions of fact. The construction of a law is an exercise committed to the judicial function. *Staley v. Missouri Director of Revenue*, 623 S.W.2d 246, 248[1–3] (Mo. banc 1981); Restatement (Second) of Torts § 874A (1977). We construe the ordinance to invest a private cause of action against the harborer of a dog who bites a person on a public street of that municipality. To prove the cause of action the suitor need show only that the ordinance was breached: that is, that an unleashed dog harbored by the defendant bit the plaintiff on the public street [or on private premises other than those of the harborer], and that the breach was the proximate cause of the injury. That was precisely the tenor of the negligence *per se* verdict director tendered by the plaintiff and rejected by the court, and that was precisely what the evidence—albeit disputed—allowed. There was no occasion for evidence to prove the abstract principle that plaintiff Jensen was within the class of persons the ordinance designs to protect [as the argument of defendant implies]. Our determination that the text and policy of the ordinance, as a matter of law, endow the cause of action subsumes that the breach will be proven by facts: that plaintiff was a pedestrian on a street and, in that course, was bitten by an unleashed dog.

■ The defendant argues also that to construe the ordinance to intend a private right so as to allow recovery for the breach, *simpliciter*, derogates the common law. The defendant recalls to us the common law principle that a recovery for dog bite requires proof of *scienter*: that the owner knows the dangerous propensity of the animal to bite and injure, but neglects to restrain the beast. We acknowledge the traditional doctrine that an owner of an animal of the kind "devoted to the service of mankind"—a domestic beast—is not liable for the damage the animal may do unless the owner knew it was dangerous. 2 Harper & James, *The Law of Torts* § 14.11 at 832 (1956). We acknowledge also that this rule of the common law—replete with *scienter*—continues to obtain in our jurisprudence. *Clinkenbeard v. Reinert*, 284 Mo. 569, 225 S.W. 667, 668[2] (banc 1920); *Crimmins v. Mirly*, 675 S.W.2d 663, 664[1] (Mo.App.1984). The cause of action the ordinance invests, however, is an endowment of legislature quite independent of the common law—and hence of *any rigor of scienter*. *State ex inf. Ashcroft v. Kansas City Firefighters Local No. 42*, 672 S.W.2d 99, 109[8] (Mo. App.1984); Restatement (Second) of Torts § 874A (1977). The rule which subjected an enactment in derogation of the common law to a strict construction was abolished in year 1917. *Women's Christian Association of Kansas City v. Brown*, 354 Mo. 700, 190 S.W.2d 900, 904[4, 5] (1945). Section 1.010, RSMo 1978 declares the extant policy: *no law of this state shall be held invalid, or limited in its scope or effect by the courts of this state, for the reason that it is in derogation of, or in conflict with, the common law.* The ordinance imposes a duty of reasonable care to restrain dogs and cats on the public streets. That duty, we determine, intends to invest a private cause of action for the breach. Once "a violation of such prescribed rule of conduct is shown, it is not necessary to inquire what duty would arise from the circumstances, and we say that this is negligence per se." *Lowery v. Kansas City*, 337 Mo. 47, 85 S.W.2d 104, 110[8–12] (1935); Restatement (Second) of Torts § 288B (1965).

■ The argument amounts to a contention that the plaintiff failed to prove a cause of action. The case, as the *in camera* discussions between court and counsel confirm, was submitted on the theory that the ordinance invested a private cause of action to a person injured by the breach,

and not as a cause of action accrued under the common law. That course, we assume, was from the deference due our decision in *Shobe v. Borders,* supra. Instruction No. 7 given by the court against the objection of the plaintiff defines the submission in terms of the ordinance—without any antecedent finding of *scienter* as a precondition of negligence [*see* n. 1]. In fact, there was no evidence of *scienter.* We determine that the cause of action which accrued to the plaintiff did not require that proof, nor was that disparagement of the common law an impediment to recovery.

The contention the plaintiff makes now on appeal, as by the tender of Instruction No. A at the trial, remains simply that the inclusion of a finding of *negligence* by proposition *Second* of verdict director Instruction No. 7 as given imposes a proof supererogatory to the theory of recovery and a misdirection to the jury. The plaintiff was entitled to a negligence *per se* submission. *Lowery v. Kansas City* and *Shobe v. Borders,* supra. It was prejudicial error to refuse the instruction tendered.

The judgment is reversed and the cause remanded.

All concur.