Glenda VANDEVEN,
Plaintiff/Appellant,

v.

Don SEABAUGH and Annie Seabaugh,
Defendants/Respondents.

No. 53718.

Missouri Court of Appeals,
Eastern District,
Division One.

May 10, 1988.

Motion for Rehearing and/or Transfer to Supreme Court Denied June 8, 1988.

Application to Transfer Denied
July 26, 1988.

Stephen C. Wilson, Jackson, for plaintiff/appellant.

Albert C. Lowes, Cape Girardeau, for defendants/respondents.

GARY M. GAERTNER, Presiding Judge.

Plaintiff-appellant brings this appeal from the trial court's order sustaining defendants' motion to dismiss Count II of plaintiff's petition. The sole issue on appeal is whether RSMo § 578.009 (1986), which statute provides that it is a misdemeanor to commit animal neglect, creates an implied civil cause of action for injuries arising out of a dog bite. Finding appellant's argument to be without merit, we affirm.

Plaintiff's petition alleged that on September 3, 1986, plaintiff was riding a bicycle on the public highway in front of defendants' residence and that an unrestrained dog owned by defendants chased her, attacked her, and bit and mauled her leg, causing her to incur injuries and damage. Count I of the petition asserted that respondents knew of the dog's vicious propensities yet negligently failed to control the animal. Count II of the petition maintained that defendants, as the dog's owners, failed to reasonably restrain the animal, thereby permitting it to injure plaintiff, in violation of RSMo § 578.009 (1986). On August 11, 1987, defendants filed a motion to dismiss Count II of the petition for failure to state a claim upon which relief may be granted, in that: (1) plaintiff did not show that she was a member of the class for whose protection RSMo § 578.009 (1986) was enacted; (2) plaintiff did not show that she suffered the type of injuries which RSMo § 578.009 (1986) was designed to prevent; and (3) plaintiff did not show that the legislature intended to create the type of civil cause of action alleged in abrogation of the common law. The trial court entered an order on August 25, 1987, dismissing Count II of the petition. Plaintiff then dismissed Count I of the petition without prejudice, thereby making the trial court's ruling as to Count II a final and appealable order.

This court recognizes the scope of review as to rulings on motions to dismiss. We examine the pleadings, allowing them their broadest intendment, treating all facts alleged as true, construing the allegations favorably to the plaintiff, and determine whether, upon this basis, the petition invokes principles of substantive law. *Southwestern Bell Telephone Co. v. Buie,* 689 S.W.2d 848, 849–50 (Mo.App., E.D. 1985). A pleading will not be deemed insufficient upon a motion to dismiss if the petition's allegations, when accorded a reasonable and fair intendment, state a claim which can call for the invocation of principles of substantive law which may entitle the plaintiff to relief. *Id.* at 850.

On appeal, appellant contends that RSMo § 578.009 (1986) creates a cause of action for injuries arising from a dog bite. Initially, we note that a cause of action for civil damages may be based upon an act which violates a criminal statute. *Moore v. Riley,* 487 S.W.2d 555, 558 (Mo. 1972). The violation of a statute may constitute actionable negligence. *Endicott v. St. Regis Investment Co.,* 443 S.W.2d 122, 125 (Mo.1969). However, in order for such a cause of action to arise, it must appear that there was in fact a violation of the statute; that the injured party was within the class of persons intended to be protected by the statute; that the injury was of such a character as the statute was designed to prevent; and that the violation of the statute was the proximate cause of the injury. *Hartenbach v. Johnson,* 628 S.W. 2d 684, 687 (Mo.App., E.D.1982). A private remedy will not be implied when it does not promote or accomplish the primary goals of the statute. *Shqueir v. Equifax, Inc.,* 636 S.W.2d 944, 948 (Mo. banc 1982). In view of the posture of this case on appeal, the critical questions of law for our determination are whether appellant is within the class of persons for whose protection the statute was intended and whether the injury complained of is of such a character as the statute was designed to prevent.

Section 578.009 provides as follows:

Animal neglect.—1. A person is guilty of animal neglect when he has custody or ownership or both of an animal and fails to provide adequate care or adequate control.

2. Animal neglect is a class C misdemeanor upon first conviction and a class B misdemeanor upon the second and all subsequent convictions.

Plaintiff places much reliance on the definition of "adequate control" as it is used in RSMo § 578.009.1 (1986). Section 578.-005(2) (1986) defines "adequate control" as "to reasonably restrain or govern an animal so that the animal does not injure itself, any person, any other animal, or property." Plaintiff contends that, by including as a form of animal neglect the failure to provide adequate control, the statute creates an implied civil action. However, this court is not persuaded that the legislature intended either that plaintiff fall within the class of persons to be protected by the statute or that plaintiff's injury constitute the type of harm the statute was designed to prevent. Both of these elements are necessary for this court to imply a civil cause of action. *Hartenbach*, 628 S.W.2d at 687. Section 578.009 is merely one provision of a general statutory scheme contained in RSMo §§ 578.005–.050 (1986), which scheme's obvious intent is the protection of animals. In construing section 578.009.1, we view it in the context in which the legislature has placed it and do not splice two provisions contained in the general statutory scheme so as to reach a strained and absurd meaning. *See St. Louis Southwestern Railway Co. v. Loeb*, 318 S.W.2d 246, 252 (Mo. banc 1958). The legislative history shows that RSMo §§ 578.005–.050 (1986) was enacted "for the purpose of providing adequate care, food and shelter for animals...." 1983 Mo. Laws 934. The act repealed RSMo §§ 578.055 and 578.060 (1978), which provided penalties for (1) the malicious killing, wounding or torturing of animals and for (2) impounding without food and water, overwork and cruel treatment of animals. *Id.* Such sections were repealed in order to enact new sections "relating to the same subject." *Id.*

Plaintiff refers this court to two cases, *Shobe v. Borders*, 539 S.W.2d 330 (Mo. App., W.D.1976) and *Jensen v. Feely*, 691 S.W.2d 926 (Mo.App., W.D.1985). In these decisions, the court held that a city ordinance which made it unlawful for the owner of a dog to let the animal run "at large" created a civil cause of action in tort against a violator of the ordinance. *Jensen*, 691 S.W.2d at 928; *Shobe*, 539 S.W.2d at 332. These cases fully harmonize with the result reached today as the legislative purpose behind a "leash law" is to protect the public safety, whereas the clear objective of the statutory scheme found in RSMo §§ 578.005–.050 (1986) is the protection of animals.

The essence of the common law action arising from a dog bite is that the owner, with actual or constructive knowledge of the dog's vicious propensities, continues to harbor it. *Sayers v. Haushalter*, 493 S.W.2d 406, 408 (Mo.App., E.D.1973). A number of states have statutorily altered this common law doctrine. 3A C.J.S. *Animals*, § 187 (1973). However, our research reveals no common purpose behind these statutes and statutes which seek to prevent cruelty to animals, such as RSMo § 578.009 (1986). *See* 3A C.J.S. *Animals* § 99 (1973).

The ruling of the trial court is affirmed.

REINHARD and CRIST, JJ., concur.