Wayne H. BROWER, et al.,
Plaintiffs-Appellants,

v.

DAVIDSON, DECKERT, SCHUTTER &
GLASSMAN, P.C., et al.,
Defendants-Respondents.

No. WD 34723.

Missouri Court of Appeals,
Western District.

April 3, 1984.

Motion for Rehearing and/or Transfer to
Supreme Court Overruled and Denied
May 29, 1984.

Application for Transfer Sustained
July 17, 1984.

Retransferred Jan. 29, 1985.

Court of Appeals Opinion Readopted
Feb. 6, 1985.

Steven W. White, Independence, for plaintiffs-appellants.

Floyd R. Finch, Jr., B.W. Jacob, and Gregory L. Vranicar, Kansas City, for defendants-respondents.

Before SHANGLER, P.J., and KENNEDY and LOWENSTEIN, JJ.

KENNEDY, Judge.

This is a malpractice case. The defendants are attorneys and an accountant. The negligence alleged against them is that

they failed to complete within 12 months the distribution to the stockholders of the assets of a liquidating corporation, under a Section 337 liquidation, I.R.C. § 337 (1958). The injury alleged is that the plaintiffs, who were the sole shareholders of the liquidated corporations, were subjected to a claim by the Internal Revenue Service for additional income taxes, a claim ultimately settled by plaintiffs' payment of a substantial sum.

The trial court granted summary judgment to the defendants on the ground that the plaintiffs' claim, filed July 18, 1980, was barred by the five-year statute of limitations, § 516.120, RSMo 1978. Plaintiffs have appealed. We affirm the judgment.

The facts of the case are as follows:

Plaintiffs were the sole stockholders of two closely held corporations, known as Coach Lamp Corner Apartments, Inc., and Coach Lamp Investment, Inc. They wanted to dissolve the corporations and transfer the assets to themselves. The corporations seem to have made substantial capital gains upon the sale of real estate. In order to avoid the taxation of the capital gain to the corporation, the defendant attorneys and Mr. Milligan, the defendant accountant, advised them to take advantage of the provisions of Section 337 of the Internal Revenue Code. In pursuance of that device, the corporations adopted a plan of liquidation which provided for a complete distribution of all the assets of the corporations within a period of 12 months from the adoption of the plan of liquidation. The plan was adopted January 26, 1972, so it was necessary to complete the distribution of the assets by January 26, 1973.

According to the allegations of the petition, the defendants negligently failed to accomplish the distribution of the assets within the 12-month period, as a result of which the Internal Revenue Service disallowed the Section 337 treatment of the capital gains by the corporations and claimed additional taxes thereon of $52,-355.43. The record shows that the examination which culminated in the Internal

Revenue's assertion of its claim was before May 12, 1975.

On March 15, 1973, the corporations had filed their 1972 income tax returns, and their final (1973) return, in which they treated the distribution of the corporate assets as having occurred prior to January 26, 1973, and treated the corporations' capital gains as non-recognizable under Section 337. The fact was that the distribution had not been completed until five days after the January 26 deadline.

In 1974 or 1975 both corporations had received a notice from the Internal Revenue Service of an intent to examine the corporate income tax returns. Thereafter, the income tax returns of the corporations were examined by the Service particularly to determine if they had complied with the requirements of Section 337.

That audit, or examination, as noted above, was completed sometime prior to May 12, 1975. That is the date of a memorandum to defendant accountant Milligan from Internal Revenue Agent Jean Ahlstrom McCormick: The memorandum said: "Enclosed are forms relating to Coach Lamp. The deficiencies on the corporations . . . will go unagreed as we discussed before but am sending copies of my computations of additional tax for your information anyway." Attached thereto were computations indicating a deficiency of $52,-355.43. According to an uncontradicted affidavit of Mr. Milligan, he had discussed the agent's findings with Internal Revenue Agent McCormick and also with the plaintiffs before the receipt by him of the report itself, and the plaintiffs had told Milligan that they would not agree to the deficiencies.

In due time plaintiffs took an unsuccessful appeal to the regional commissioner's office. Just when the defendant attorneys were brought back into the case does not appear, but they seem to have represented the plaintiffs in this appeal. After receiving statutory notices of deficiency on November 30, 1977, plaintiffs, represented now by other counsel than defendants, filed

a petition in the United States Tax Court disputing the proposed assessment.

Ultimately on December 9, 1979, the plaintiffs, the corporations and the Internal Revenue Service entered into a stipulation which was reduced to judgment on December 30, 1979. Plaintiffs' additional tax liability, including interest, was agreed to be $60,000, which plaintiffs paid.

Plaintiffs' lawsuit against defendants was filed July 18, 1980.

The parties agree that § 516.120, RSMo 1978, the five-year statute of limitations, is applicable.

■ The question presented is when plaintiffs' damage was "capable of ascertainment" within the meaning of § 516.100, RSMo 1978, marking the accrual of their cause of action against defendants.

We hold that, at the latest, the statute of limitations commenced to run on or about May 12, 1975. That is the date of the Internal Revenue agent's report, calculating a tax deficiency of $52,355.43, based upon the failure to distribute the corporate assets within the one-year period prescribed by Section 337. The findings of the report had been discussed by Milligan with the Internal Revenue agent and with the plaintiffs before the receipt by him of the report itself, and plaintiffs had told Milligan that they would not agree to the deficiencies.

From that point on, plaintiffs can scarcely claim that they did not know that they were exposed to a substantial tax liability by reason of the failure to complete the distribution of the corporate assets before January 26, 1973. They knew also, if it was the case, that accountant Milligan's omission to perform his duty, or the attorneys' omission to perform their duty, was to blame for the failure to accomplish the distribution within the allowable time. The "discoverability" of the fact of damage (See *Follmer's Market, Inc. v. Comprehensive Accounting Service Company*, 608 S.W.2d 457, 460 (Mo.App.1980); *Thorne v. Johnson*, 483 S.W.2d 658 (Mo.App.1972)), could no longer be an open question. It

was not only "discoverable"; it was discovered. Their lawsuit filed July 18, 1980, was barred by § 516.120, RSMo 1978.

Defendant's attorneys argue here that the statute of limitations was triggered March 15, 1973, upon the filing of the tax returns. In view of our determination that the statute was triggered on or about May 12, 1975, at the latest, it is not necessary for us to consider whether the damage was "capable of ascertainment" at some earlier date.

Plaintiffs emphasize that before the stipulation of December 9, 1979, which settled the amount of taxes they owed, the amount of the damages was unknown and was subject to speculation and conjecture. They point to Section 516.100 which provides that for purposes of Section 516.120, a cause of action shall not be deemed to accrue when the wrong is done or the technical breach of contract or duty occurs, "but when the damage resulting therefrom is sustained and is *capable of ascertainment*". They say that the damage was not "capable of ascertainment" until the December 9, 1979 stipulation. One could not be sure, they point out, that plaintiffs even owed any additional taxes, much less the amount they owed. Therefore, they argue, it was only then that their malpractice cause of action against Mr. Milligan and the defendant attorneys accrued. Judge, now Chief Justice Rendlen, answered a similar argument in *Dixon v. Shafton*, 649 S.W.2d 435, 439 (Mo. banc 1983) when he wrote:

> In many actions the extent of damage may be dependent on uncertain future events. A personal injury plaintiff might be awaiting an operation which might substantially affect the extent of liability. If a lawyer overlooks the statute of limitations in filing his suit, there may be no certainty that the suit, if filed, would be successful or of the amount which might be recovered. Such uncertainties have never been held to preclude the filing of suit and, under the authorities cited above, have not delayed the accrual of the plaintiff's claim for purposes of

**4**

the statute of limitations. The most that is required is that some damages have been sustained, so that the claimants know that they have a claim for some amount. These requirements were met in the case at bar.

*Id.* at 439.

 The fact of damage was "capable of ascertainment" at least by May 12, 1975, even though the amount of damage was yet unascertainable. When the *fact of damage* became capable of ascertainment, the statute of limitation was put in motion. *Dixon v. Shafton,* 649 S.W.2d at 438.

We have considered sua sponte the question whether accountant Milligan's and defendant attorneys' representation of the plaintiffs in the dispute with the Internal Revenue Service until after November 30, 1977, would postpone the commencement of the running of the statute of limitations until their employment was terminated. Plaintiffs do not allege, and we find nothing in this record to support the notion, that any of the defendants were guilty of any concealment which might have postponed the commencement of the running of the statute of limitations. On the contrary, as we have already pointed out, plaintiffs knew on or about May 12, 1975 everything they needed to know to assert any claim they might have against the defendants. *See Swope v. Printz,* 468 S.W.2d 34, 36 (Mo.1971); *Arkansas Natural Gas Company v. Sartor,* 78 F.2d 924, 928 (5th Cir. 1935), cert. denied, 296 U.S. 656, 56 S.Ct. 381, 80 L.Ed. 467 (1936); 54 C.J.S. Limitations of Actions § 206 (1955).

As a second point of error, plaintiffs say the court erred in denying them permission to file a second amended petition, Rule 55.33(a). The second amended petition would only have added the conclusory statement that plaintiff's cause of action accrued on December 30, 1979. Such a conclusory allegation in the petition would avail nothing in the face of the record which the trial court had before it, which

showed the facts as we have stated them above.

The judgment is affirmed.

All concur.