**ZERO MANUFACTURING COMPANY,**
**Plaintiff–Appellant,**

v.

**Peter H. HUSCH, et al.,**
**Defendants–Respondents.**

**No. 52003.**

Missouri Court of Appeals,
Eastern District,
Division One.

Nov. 3, 1987.

Motion for Rehearing and/or Transfer
Denied Dec. 10, 1987.

Application to Transfer Denied
Feb. 17, 1988.

Frank Kimberly Carlson, Union, for plaintiff-appellant.

Joseph H. Mueller, St. Louis, for defendants-respondents.

GARY M. GAERTNER, Presiding Judge.

Appellant Zero Manufacturing Company (Zero) appeals from the order of the lower court dismissing its first amended petition. Finding the claims set forth in the petition are barred by the applicable statute of limitations, we affirm.

On October 19, 1983, Zero filed its original petition against respondents, partners in the law firm known as Husch, Eppenberger, Donohue, Elson and Cornfeld. In the petition, Zero made the following allegations: Zero employed respondents as its attorneys, and in January 1975 Zero entered into a contract with Svanoe, which contract was drafted by respondents. In May 1976 respondents apprised Zero that it could terminate the contract upon giving Svanoe thirty days notice. Zero, relying upon this advice, gave Svanoe thirty days written notice of termination on June 1, 1976. Svanoe responded by informing Zero that a Wisconsin statute required ninety days notice, and that it was refusing to accept the purported termination. Zero proceeded to discuss the matter again with respondents on July 27, 1976, and respondents reaffirmed their earlier advice. Zero then reiterated its position to Svanoe on July 28, 1976, that thirty days notice was sufficient. In December 1977, Zero wrote respondents the following:

> We are both businessmen and know that quite often, we call shots that are wrong and when we do, we pay ... [W]e are now asking that any judgement [sic] which must be paid pertaining [to the Svanoe matter] be paid substantially if not fully by our legal counsel [respondents] ... As a businessman like yourself, I pay for a service and in paying for such a service, have a right to receive proper guidance and direction.

Svanoe obtained a judgment against Zero in February 1980 for violating the Wisconsin statute. Zero's petition alleged that respondents' negligence caused Zero to suffer damages in the amount of $315,568.28.

On April 11, 1986, Zero filed its amended petition after leave to amend was granted by the trial court in 1984. This petition restated the allegation of negligence contained in Zero's original petition. Additionally, Zero pled a cause of action sounding in fraud. Specifically, Count II of the amended petition claimed that on January 9, 1978, Peter Husch sent Zero a letter which was written to fraudulently conceal any negligence by respondents.

Respondents motioned to dismiss Zero's amended petition, arguing it failed to state a claim upon which relief could be granted.

The lower court sustained the motion and dismissed Zero's amended complaint. Zero now appeals from this dismissal.

Initially, we find respondents properly asserted the defense that Zero's claims were barred by the statute of limitations. Zero contends that the statute of limitations must be specifically pleaded. However, where a petition shows on its face that an action is barred, a motion to dismiss will lie. *Follmer's Market, Inc. v. Comprehensive Accounting Service Co.,* 608 S.W.2d 457, 458 (Mo.App., E.D.1980). Respondent's general motion to dismiss was properly sustained since, as will be shown, it clearly appeared from Zero's petition that the action was barred. *Hall v. Smith,* 355 S.W.2d 52, 55 (Mo.1962).

We now note the scope of review as to rulings on motions to dismiss. This court examines the pleadings, allowing them their most liberal intendment, treating all facts alleged as true, construing the allegations favorably to the plaintiff, and determines whether, upon this basis, the petition invokes principles of substantive law. *Southwestern Bell Telephone Co. v. Buie,* 689 S.W.2d 848, 849–50 (Mo.App., E.D. 1985). Nevertheless, the Missouri Supreme Court recognizes that summary dispositions are frequently appropriate in statute of limitations cases because the underlying facts are relatively easy to develop. *Dixon v. Shafton,* 649 S.W.2d 435, 440 (Mo. banc 1983).

In the present case, the controlling statute of limitations is set forth in RSMo § 516.120 (1986). Section 516.120(4) requires that one bring an action for negligence or legal malpractice within five years, and § 516.120(5) mandates that one assert an action for relief on the ground of fraud within five years.

First, we consider Count I of the amended petition and decide whether Zero's allegation of negligence is time barred. The application of § 516.120(4) to a case of legal malpractice is governed by RSMo § 516.100 (1986). *Fischer v. Browne,* 586 S.W.2d 733, 736–7 (Mo.App., W.D.1979). Section 516.100 provides that such a cause of action accrues whenever the damage which is complained of is sustained and capable of ascertainment. *Kueneke v. Jeggle,* 658 S.W.2d 516, 517 (Mo. App., E.D.1983). And, damage is sustained and capable of ascertainment once it is such that it can be discovered or made known. *Id.* The statute of limitations does *not* begin to run upon the discovery of an attorney's alleged negligence; rather, the cause of action accrues when the alleged injury is capable of ascertainment. *Jepson v. Stubbs,* 555 S.W.2d 307, 312 (Mo. banc 1977).

It is evident, based on the allegations set forth in Zero's amended petition, that the damage which Zero allegedly incurred as a result of respondents' malpractice was capable of ascertainment more than five years prior to the date Zero filed its original petition, on October 19, 1983. For, at the latest, Zero's cause of action accrued on July 27, 1976, the date respondents allegedly reaffirmed their advice that Zero could terminate the contract by giving Svanoe thirty days notice.

Zero erroneously argues that the five year statute of limitations contained in RSMo § 516.120(4) did not begin to run until all the damages were capable of ascertainment; that is, Zero asserts the cause of action did not accrue until June 1981, when Zero received the last bill for legal services regarding the Svanoe matter. The statute of limitations begins to run once the fact of damage is capable of ascertainment, even though the amount of damage is not yet ascertainable. *Brower v. Davidson, Deckert, Schutter & Glassman, P.C.,* 686 S.W.2d 1, 4 (Mo.App., W.D.1984). *See also Dixon v. Shafton,* 649 S.W.2d 435 (Mo. banc 1983).

As well, Zero's contention that the cause of action did not accrue until its professional relationship with respondents ended in November 1983 lacks merit. Zero seeks to expand current Missouri law which holds that the statute of limitations in medical malpractice cases is tolled by the existence of a continuing doctor/patient relationship. *Thatcher v. DeTar,* 351 Mo. 603, 173 S.W.2d 760, 761 (1943). However,

Missouri refuses to hold that a continuing relationship between an attorney and his client postpones the commencement of the running of the statute of limitations. *See Brower v. Davidson, Deckert, Schutter & Glassman, P.C.*, 686 S.W.2d at 4.

 Second, we determine whether Count II of the amended petition is time barred. Count II alleges respondents fraudulently concealed the existence of their purported negligence in a letter from respondents to Zero, dated January 9, 1978. A cause of action for relief on the ground of fraud does not accrue until discovery by the aggrieved party, at any time within ten years, of the facts constituting the fraud. RSMo § 516.120(5) (1986). And, upon discovery of the fraud, the action must be brought within five years. *Id.* The lower court, in dismissing Zero's amended petition, had before it a letter from Zero to respondents, written December 28, 1977, which refutes the allegation of fraud. In the letter, Zero expressed its awareness that the violation of Wisconsin law as to the Svanoe contract "will cause a judgment against this company for some amounts and monies to be paid."

Even if Zero's allegation in Count II is sufficient to state a cause of action grounded in fraud, Count II must be dismissed as it does not relate back to Zero's original petition so as to save Zero's claim from the bar of the statute of limitations. An amended pleading will only relate back to the time of the filing of the original petition when the claim set forth in the amended pleading is the same as that stated in the original pleading. *Laux v. Motor Carriers Council of St. Louis, Inc.*, 499 S.W.2d 805, 807 (Mo.1973). The proof required to support the pleading as amended must not differ from that necessary to support the original petition. *Id.* Thus, an amended pleading which demands proof of ultimate facts other than those necessary to sustain the original petition will not save an action from the bar of limitations. *Briggs v. Cohen*, 603 S.W.2d 20, 22 (Mo. App., W.D.1980). Fraud clearly requires proof of ultimate facts besides those necessary to prove negligence. For, fraud is malfeasance and as such constitutes a positive act resulting from the willful intent to deceive, whereas negligence is strictly nonfeasance or a wrongful act which results from inattention or carelessness. *Harris v. Penninger*, 613 S.W.2d 211, 214 (Mo. App., S.D.1981). Negligence does not embrace the tort of fraud. *Id. See also Heitman v. Brown Group, Inc.*, 638 S.W.2d 316 (Mo.App., E.D.1982).

Finding Zero's amended petition to be barred by the statute of limitations, we affirm the order of the trial court.

REINHARD and CRIST, JJ., concur.