Elmer L. **CARR**, Appellant,

v.

James L. **ANDING**, Respondent.

No. 57612.

Missouri Court of Appeals,
Eastern District,
Division Four.

June 12, 1990.

Motion for Rehearing and/or Transfer to Supreme Court Denied July 11, 1990.

Elmer Carr, Jefferson City, pro se.

Frank Kimberly Carlson, Union, for respondent.

JOSEPH J. SIMEONE, Senior Judge.

This is an appeal from a judgment dismissing an action for alleged legal malpractice due to the running of the statute of limitations. We affirm.

On May 1, 1978, Elmer L. Carr, the plaintiff, was convicted of second degree murder and sentenced to fifteen years in the Department of Corrections and Human Resources. His conviction was affirmed. *State v. Carr*, 610 S.W.2d 296 (Mo.App. 1980).

According to appellant's petition, the roots of this action were planted when he retained attorney James L. Anding [1] to represent him in certain post-conviction procedures apparently including, but not limited to, a Rule 27.26 motion, a motion for rehearing, an appeal to Missouri Supreme Court, and failing that, an appeal to the United States Supreme Court. On June 16, 1981, sometime after retaining Anding, appellant paid five hundred dollars to respondent, Anding, allegedly for future legal services. Appellant alleges there was a written contract for legal services, relying upon a receipt for five hundred dollars and a list of steps Mr. Anding was to take on appellant's behalf. After appellant's direct appeal was denied, in which Mr. Anding did not take part, Mr. Anding allegedly told appellant to leave the jurisdiction and that he would arrange things to negate the sentence. Appellant fled the area but kept in contact with Mr. Anding receiving legal advice from him until sometime in 1984. Appellant returned to Missouri and began

serving his sentence in 1987. Appellant claims that in 1985, when he retained another attorney, he actually ascertained that Mr. Anding did not perform any services on his behalf. On July 6, 1989, appellant filed his articulate *pro se* petition for legal malpractice and fraud seeking actual damages of $55,000 and $5 million for punitive damages. The trial court dismissed the petition on the ground that the statute of limitations had run. This appeal followed.

In determining whether a petition states a claim for relief under the Rules, we examine the pleadings, allowing them their most liberal intendment, treating all facts alleged as true, construing the allegations favorably to the plaintiff, and determine whether, upon these bases, the petition invokes the principles of substantive law. *Southwestern Bell Telephone Co. v. Buie*, 689 S.W.2d 848, 849–50 (Mo.App. 1985). Summary dismissal of pleadings is appropriate in cases involving the statute of limitations because the underlying facts are relatively easy to develop. *Dixon v. Shafton*, 649 S.W.2d 435, 440 (Mo. banc 1983). It has long been held that a motion to dismiss is a proper motion to attack the petition on the ground that an action is barred by the statute of limitations, especially when the expiration of the limitation appears on the face of the petition. *Baysinger v. Hanser*, 355 Mo. 1042, 199 S.W.2d 644, 646 (1947); *Follmer's Market, Inc. v. Comprehensive Accounting Service Co.*, 608 S.W.2d 457, 458 (Mo.App.1980); *Zero Mfg. Co. v. Husch*, 743 S.W.2d 439, 441 (Mo.App.1987).

In his first point, appellant claims the court erred in dismissing plaintiff's petition for legal malpractice and fraud in that the five year statute of limitations did not begin to run until January, 1985 when appellant's damages were capable of ascertainment.

In the present case, the controlling statute of limitations is set forth in

---

**1.** For related events of this proceeding, see *State v. Anding*, 752 S.W.2d 59 (Mo. banc 1988); *State v. Darrell Chandler, Jr.*, 698 S.W.2d 844 (Mo.

banc 1985); *State v. Richard Chandler*, 605 S.W.2d 100 (Mo. banc 1980).

§ 516.120(4) RSMo 1986.[2] Section 516.-120(4) requires that a party bring an action for negligence or legal malpractice within five years, and § 516.120(5) mandates that one assert an action for relief on the ground of fraud within five years. *Zero,* 743 S.W.2d at 441.

The outcome of this point hinges on the application of § 516.100 which defines when the five year statute of limitations proscribed by § 516.120 begins to run. The pertinent language of § 516.100 is as follows:

[T]he cause of action shall not be deemed to accrue when the wrong is done or the technical breach of contract or duty occurs, but when the damage resulting therefrom is *sustained and capable of ascertainment* ... (emphasis added).

Therefore, this case turns on the issue as to when the appellant was capable of ascertaining the damage resulting from attorney Anding's alleged lack of performance.

■ Section 516.100 provides that a cause of action accrues when the damage complained of is sustained and capable of ascertainment. *Zero,* 743 S.W.2d at 441; *Kueneke v. Jeggle,* 658 S.W.2d 516, 517 (Mo.App.1983). Damage is sustained and capable of ascertainment whenever it is such that it *can be* discovered or made known. *Zero,* 743 S.W.2d at 441; *Chemical Workers Basic Union v. Arnold Savings Bank,* 411 S.W.2d 159, 164 (Mo. banc 1966). This principle is a "middle-of-the-road" test. Some states follow a restrictive test or the "occurrence rule" which holds that the moment the malpractice is committed, the statute begins to run. See Annot. 32 A.L.R.4th 260, 268 (1984). But Missouri has rejected this test. *Anderson v. Griffin, Dysart, Taylor, Penner,* 684 S.W.2d 858, 860 (Mo.App.1984). Some jurisdictions follow a broader test—the "discovery rule," which states that the statute of limitations begins to run when the injury or damage is actually discovered. See Annot. 32 A.L.R.4th 260, 292 (1984). This broad test was rejected, however, in *Jepson v. Stubbs,* 555 S.W.2d 307 (Mo. banc 1977); *See* also *Anderson,* 684 S.W.2d at

860. In Missouri, the statute of limitations begins to run when the fact of damage is *capable of ascertainment,* although not actually discovered or ascertained. *Zero,* 743 S.W.2d at 441; *Anderson,* 684 S.W.2d at 860.

■ The "capable of ascertainment" language has never been precisely defined by the courts. *Anderson,* 684 S.W.2d at 860. But in *Janssen,* the court stated the test is to "ascertain when plaintiff could have first maintained the action to a successful suit." *Janssen v. Guaranty Land Title Co.,* 571 S.W.2d 702, 705 (Mo.App.1978). In *Anderson,* the court held that the statute of limitations begins to run when the plaintiff's right to sue arises. *Anderson,* 684 S.W.2d at 861. In Missouri, the test of whether a cause of action is capable of ascertainment is an objective test to be decided as a matter of law. *Id.* Mere ignorance of the plaintiff of his cause of action will not prevent the running of the statute of limitations. *Chemical Workers Basic Union,* 411 S.W.2d at 165. This principle remains true except when the ignorance of the plaintiff is totally caused by the actions or non-action of an attorney upon whom the client is relying. *Anderson,* 684 S.W.2d at 861.

In the case at bar, the plaintiff claims that his damages were capable of ascertainment when he hired another attorney in late 1985 who then informed him that Anding had not performed any services on his behalf. Appellant further argues that Anding's advice to leave the state and assume fugitive status precluded him from discovering Anding's malpractice.

■ We conclude, as did the trial court, that appellant's petition should be dismissed because of the running of the statute of limitations. Although we decline to pin-point precisely when appellant's alleged claim for damages for alleged legal malpractice was capable of ascertainment, it was certainly capable of being ascertained long before July 6, 1984—the earliest date the claim could have been ascertained and still be within the statute of limitations.

**2.** All subsequent statutes refer to RSMo 1986.

The alleged advice to leave the jurisdiction of Missouri courts, according to his petition, was given in mid–1980. Appellant claims that during this period of time after he removed himself from the state, he was in contact with Anding and received legal advice from him until sometime in 1984, yet this does not toll the statute of limitations. *Zero*, 743 S.W.2d at 441–2. Thus, appellant's cause of action was capable of ascertainment at some point in time prior to July, 1984. Since his claim was capable of ascertainment more than five years before his petition was filed, this action is time barred by the statute of limitations.

Therefore, the trial court did not err in dismissing the petition because his claim is barred.

█ Appellant also contends that his petition asserts a cause of action for fraud. All the essential elements of asserting a claim for fraud were not pleaded. The elements of fraud are (1) a representation; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of its falsity, or his ignorance of its truth; (5) the speaker's intent that it should be acted on by the person and in the manner ·reasonably contemplated; (6) the hearer's ignorance of the falsity of the representation; (7) the hearer's reliance on the representation being true; (8) his right to rely thereon; and, (9) the hearer's consequent and proximately caused injury. *Sofka v. Thal*, 662 S.W.2d 502, 506 (Mo. banc 1983). A failure to establish any one of the essential elements of fraud is fatal to recovery. *Empire Gas Corp. v. Small's LP Gas Co.*, 637 S.W.2d 239, 242–243 (Mo.App.1982); *Hanrahan v. Nashua Corp.*, 752 S.W.2d 878, 883 (Mo.App.1988); *Herberer v. Shell Oil Co.*, 744 S.W.2d 441, 443 (Mo. banc 1988). Failure to plead any element renders the claim defective. *Hanrahan*, 752 S.W.2d at 843. Since all of the elements of fraud were not pleaded, the trial court did not err in dismissing the petition on this ground.

█ In his second point, appellant alleges a written contract was made so that under § 516.110 the applicable statute of limitations is ten years rather than the five year limitation which the trial court applied. Appellant claims the receipt for five hundred dollars coupled with a note detailing the particular services Anding promised to perform on appellant's behalf constituted a "written contract for the payment of money" and thus falls within § 516.110, the ten year statute of limitations.

Even assuming that there was a written contract between appellant and Anding, the contract is not one for the payment of money as required by § 516.110; rather, it is a contract whereby Anding agreed to supply professional services to appellant, thus governed by § 516.120. *See St. Louis University v. Belleville*, 752 S.W.2d 481, 482–3 (Mo.App.1988); *Mark Twain Banks, N.A. v. Platzelman*, 740 S.W.2d 388, 389 (Mo.App.1987). Accordingly, the ten-year statute of limitations embodied in § 516.110 is not applicable.

The judgment of the trial court dismissing the petition is, therefore, affirmed.

Judgement affirmed.

CARL R. GAERTNER, P.J., and STEPHAN, J., concur.