Jimmy R. JORDAN, Appellant,

v.

Mark L. WILLENS, Respondent.

No. WD 52623.

Missouri Court of Appeals, Western District.

Nov. 19, 1996.

Motion for Rehearing and/or Transfer to Supreme Court Denied Dec. 24, 1996.

Application to Transfer Denied Feb. 25, 1997.

Jimmy J. Jordan, appellant, Grand Prairie, TX, pro se.

Joseph H. Moore, Van Osdol, Magruder, Erickson & Redmond, P.C., Kansas City, for respondent.

Before ULRICH, C.J., and LOWENSTEIN and LAURA DENVIR STITH, JJ.

LAURA DENVIR STITH, Judge.

Plaintiff-Appellant Jimmy Jordan sued attorney Mark Willens for legal malpractice, breach of contract, trespass, and conversion. Each count arose out of Mr. Willens' representation of Mr. Jordan in a dispute with the City of Kansas City, Missouri concerning Mr. Jordan's violation of certain city ordinances. We affirm the circuit court's determination that because Mr. Jordan filed suit more than five years after at least some of the damages he claimed were sustained and capable of ascertainment, each of his claims is time-barred. Accordingly, we affirm.

## I. FACTUAL AND PROCEDURAL HISTORY

In March, 1989, Mr. Jordan's Kansas City, Missouri property was cited for violating certain city ordinances. Mr. Jordan appealed the citations to the Property Maintenance Appeals Board, and attended a hearing conducted by the Board on June 8, 1989. One day after the hearing, anticipating an unfavorable ruling by the Board, Mr. Jordan met with Mr. Willens. Mr. Willens agreed to represent Mr. Jordan and Mr. Jordan paid Mr. Willens a retainer of $500.

The Board rendered a decision adverse to Mr. Jordan on June 29, 1989. Mr. Jordan had thirty days to appeal the Board's decision. Mr. Jordan argues that he hired Mr. Willens specifically to appeal the Board's decision, but Mr. Willens disputes that allegation. In any event, no appeal was filed by July 29, 1989, and the period for filing an appeal expired. Thus, the Board's decision that Mr. Jordan's property was in violation of city ordinances became final.

On August 2, 1989, Mr. Willens wrote Mr. Jordan a letter. In that letter he noted that he had visited the property, "including the backyard and basement, and taken a number of photographs." He also reviewed the Board's decision and explained that, in light of that decision, the city could either remove the offending items from Mr. Jordan's property and assess the costs of removal against Mr. Jordan, or it could file charges against Mr. Jordan in Kansas City municipal court. He advised Mr. Jordan that the 30–day window for appealing the Board's decision had passed and that, even if a timely appeal had been filed, he did not believe that an appeal would have been successful. He offered to attempt to persuade the city inspector to evaluate the property more favorably upon re-inspection.

Less than two weeks later, on August 14, 1989, Mr. Jordan dismissed Mr. Willens for failing to timely appeal the Board's adverse decision. The following day Mr. Willens informed Mr. Jordan in writing that he had not appealed the decision because he believed an appeal was meritless and would not be worth the additional attorney's fees that Mr. Jordan would be required to spend. Mr. Willens also returned $85.00 to Mr. Jordan as the unearned portion of his retainer. In November 1990 and June 1991 warrants for Mr. Jordan's arrest were issued based on the code violations.

Mr. Jordan filed suit against Mr. Willens on March 27, 1995. He alleged four theories of recovery: (1) breach of contract for failing to appeal the Board's decision; (2) legal malpractice for failure to appeal; (3) trespass on his property by Mr. Willens in inspecting his basement without permission; and (4) conversion of the portion of the retainer not returned by Mr. Willens. Mr. Willens denied each of the claims, and further pled that each was barred by the statute of limitations.

The circuit court agreed the statute of limitations barred all four claims. It granted Mr. Willens' motion to dismiss as to the legal malpractice and conversion claims, and en-

tered summary judgment on his breach of contract and trespass claims. Mr. Jordan appeals.

## II. STANDARD OF REVIEW

■■■■ Our review of the grant of either a motion to dismiss or a motion for summary judgment is similar in that in both instances we engage in an essentially *de novo* review of an issue of law. *See Summitt by Boyd v. Roberts,* 903 S.W.2d 631, 633 (Mo.App.1995). In reviewing the grant of summary judgment, however, we consider all the evidence in the light most favorable to the non-moving party and give the nonmoving party all reasonable inferences from the record in determining whether there is any genuine issue of material fact. *ITT Commercial Fin. Corp. v. Mid–America Marine Supply Corp.,* 854 S.W.2d 371, 376 (Mo. banc 1993).

■■■■ By contrast, in reviewing the grant of a motion to dismiss we look at only the pleadings to determine whether the Petition invokes principles of substantive law. *Carr v. Anding,* 793 S.W.2d 148, 149 (Mo.App. 1990). We liberally construe the pleadings, treating all facts alleged as true and construing the allegations favorably to the plaintiff. *Id.*; *Magee v. Blue Ridge Professional Bldg.,* 821 S.W.2d 839, 842 (Mo. banc 1991) (distinguishing between review of motions to dismiss and summary judgments).

## III. EACH OF MR. JORDAN'S CLAIMS IS BARRED BY THE APPLICABLE STATUTE OF LIMITATIONS

### A. The Fact of Damage Must be Ascertainable

Mr. Jordan alleges that Mr. Willens breached a contract to appeal the Board's decision, committed malpractice, and committed the torts of trespass and conversion. Like the circuit court, however, we need not reach these issues, for we determine that each of Mr. Jordan's claims are barred by the relevant statute of limitations.[1]

---

1. For this reason, we do not reach the issue whether Mr. Jordan's breach of contract claim, alleging failure to file an appeal, and his conversion claim, alleging that Mr. Willens should not have kept his money since Mr. Willens failed to do what he was hired to do, can exist separately or whether they are instead subsumed in his malpractice claim based on the same facts.

■ Statutes of limitations are absolute bars to actions. *Fischer v. Browne,* 586 S.W.2d 733, 736 (Mo.App.1979). In the present case, the parties agree that a five-year statute of limitations applies to each of Mr. Jordan's claims. *See* § 516.120, RSMo 1994.[2] The parties also agree that limitation periods begin to run when the cause of action accrues, and that under Section 516.100 a cause of action accrues when the damage complained of is sustained and capable of ascertainment:

[T]he cause of action shall not be deemed to accrue when the wrong is done or the technical breach of contract or duty occurs, but when the damage resulting therefrom is sustained and capable of ascertainment.

§ 516.100. *See also Carr,* 793 S.W.2d at 150; *Zero Mfg. Co. v. Husch,* 743 S.W.2d 439, 441 (Mo.App.1987).

The parties disagree, however, as to when the five-year limitations period began to run on each claim. Mr. Jordan claims that his damages were not "sustained and capable of ascertainment" until he learned he would be prosecuted by the city in November 1990. Thus, he argues, he timely filed suit four and one-half years later on March 27, 1995. Mr. Willens contends that the damages were sustained and capable of ascertainment at the latest when Mr. Jordan received his August 2, 1989 letter informing Mr. Jordan that no appeal had been filed. As Mr. Jordan failed to file suit until over five and one-half years later, his suit is time-barred.

■ Numerous cases offer guidance as to how to determine when damages are considered to be "sustained and capable of ascertainment." They teach us that damages are "sustained and capable of ascertainment" when the *fact* of damage can be discovered or made known.[3] If the *fact* of damage is ascertainable, then the statute of limitations begins to run even if the precise amount of damage is not ascertainable or if some additional damages may occur in the future.[4]

### B. Mr. Jordan's Damages for the Alleged Breach of Contract and Legal Malpractice for Failure to File an Appeal.

Mr. Jordan argues that until he learned that he would be prosecuted in November 1990, he did not know that he had sustained any damage from the failure to file an appeal. Until that time, he says, it was possible the city would just let the matter go and take no further action. If that had occurred, he would have suffered no damage from Mr. Willens' alleged breach of contract and legal malpractice.

■ We disagree. Missouri has long recognized that a claim for malpractice for failure to file an appeal arises as soon as the client learns that the time for appeal has elapsed. At that point, at least some injury has occurred. *Fischer,* 586 S.W.2d at 737 (finding that a client sustained damages at the expiration of the time for filing an appeal).[5]

■ This rule applies here. Mr. Jordan was immediately damaged by the failure to appeal. He lost the opportunity to contest the code violations. He also became subject to the penalties that could be imposed for violating city ordinances. These are the very benefits that he hoped to obtain by hiring an attorney to appeal his case. Therefore, Mr.

2. All statutory references are to RSMo 1994 unless otherwise stated.

3. *M & D Enterprises, Inc. v. Wolff,* 923 S.W.2d 389, 394 (Mo.App.1996); *Carr,* 793 S.W.2d at 150; *Zero Mfg. Co.,* 743 S.W.2d at 441.

4. *Dixon v. Shafton,* 649 S.W.2d 435, 438 (Mo. banc 1983); *M & D Enterprises, Inc. v. Wolff,* 923 S.W.2d 389, 394 (Mo.App.1996); *Zero Mfg. Co.,* 743 S.W.2d at 441; *Brower v. Davidson, Deckert, Schutter & Glassman, P.C.,* 686 S.W.2d 1, 4 (Mo. App.1984).

5. The time period does not begin to run until the client actually learns of his lawyer's default. *See Dixon,* 649 S.W.2d at 438 (ruling that clients were damaged when their attorney informed them of his mistake, not necessarily when the mistake was actually made); *Nuspl v. Missouri Medical Ins. Co.,* 842 S.W.2d 920, 922–3 (Mo. App.1992) (ruling that insured was damaged when insurance coverage was denied, not when the policy was delivered); *see also O'Reilly v. Dock,* 929 S.W.2d 297, 300 (Mo.App.1996) (distinguishing "layman/expert cases" where plaintiffs are unable to ascertain their injuries without the help of experts from "most cases" where plaintiffs can ascertain their own injuries).

Jordan suffered ascertainable damages in August 1989, when he learned of the failure to appeal. As this was more than five years before he filed his Petition, his malpractice claim is time-barred.

■ As Mr. Jordan's contract claim is based on the same facts, it is also time-barred. This is in accord with the general rule that "a cause of action for breach of contract accrues and the right to sue arises on the failure to do the thing contracted for at the time and in the manner contracted." *In re Estate of Remmele,* 853 S.W.2d 476, 479 (Mo.App.1993). Here, Mr. Jordan alleges that the "thing contracted for" was the filing of an appeal. Mr. Jordan's right to sue arose as soon as Mr. Willens failed to file an appeal. His lawsuit, filed over five years later, was untimely.

C. *The Trespass Claim is Time–Barred.*

■ Mr. Jordan alleges that Mr. Willens trespassed on his property by going into his basement during a visit on June 20, 1989. Mr. Jordan contends that Mr. Willens did not have permission to enter his basement and that he did not discover the trespass until 1994.

■ However, Mr. Jordan was put on notice of the alleged intrusion by Mr. Willens' August 2, 1989 letter informing him that Mr. Willens had visited his property, "including [his] backyard and basement, and taken a number of photographs." Mr. Jordan admits to receiving the letter. The letter was sufficient to put Mr. Jordan on notice of the fact of the trespass. At that point, any damages were *capable* of ascertainment. The statute of limitations began to run at that time.[6]

D. *The Conversion Claim Is Time-barred.*

Mr. Jordan alleges that Mr. Willens engaged in a "continuing conversion" by only returning part of the $500 retainer that had been paid to him. He argues that the tort of conversion lies as long as the person entitled to use and possess the converted property is deprived of it. *See* 18 Am.Jur.2d, *Conversion* § 4, at 149 (1985). However, the availability of an action must not be confused with statutory limitations on its use. Statutes of limitation are used to bar otherwise legitimate actions on policy grounds. *See Baron v. Kurn,* 349 Mo. 1202, 1214, 164 S.W.2d 310, 317 (1942).

■ Mr. Jordan admitted in his Petition that he received the August 14, 1989 letter that terminated his representation and returned only part of the retainer fee. At that time some damage due to a possible conversion was ascertainable. Therefore, the limitations period began to run. As a result, it had expired by the time Mr. Jordan filed suit in 1995.

IV. *THE PROCEDURAL ERRORS ALLEGED BY MR. JORDAN ARE WITHOUT MERIT*

Mr. Jordan alleges two procedural errors by the circuit court. First, he alleges that his motion for judgment on the pleadings should have been granted because the Answer filed by Mr. Willens served as only a general denial of his specific averments. *See* Rule 55.07 (prohibiting parties from generally denying specific averments). Mr. Willens' Answer adequately asserted that Mr. Jordan's claims were barred by Section 516.120, however. *See* Rule 55.08 (requiring parties to set forth the affirmative defense of statute of limitations).

■ Second, Mr. Jordan alleges that Mr. Willens' Answer should have been stricken by the circuit court because it was not filed within ten days of the court's ruling on Mr. Willens' motion to dismiss as required by Rule 55.25(c). The decision to allow a party

---

**6.** Mr. Jordan alleges that he did not know what damage to the property may have occurred until later. However, the fact of trespass is itself damage. *See Simpkins v. Ryder Freight System, Inc.,* 855 S.W.2d 416, 422 (Mo.App.1993) (noting that nominal damages are recoverable for trespass when no loss or damages beyond the invasion of right are shown). In addition, as soon as Mr. Jordan knew of the trespass, any resulting damages were capable of ascertainment, regardless of when they were in fact ascertained. That is sufficient to begin the running of the statute of limitations. *See Jepson v. Stubbs,* 555 S.W.2d 307, 312 (Mo. banc 1977); *Carr,* 793 S.W.2d at 150; *Zero Mfg. Co.,* 743 S.W.2d at 441.

to answer after the expiration of the time period for answering is left to the discretion of the circuit court. *Funkhouser v. Meadowview Nursing Home,* 816 S.W.2d 947, 952 (Mo.App.1991); *Manor Square, Inc. v. Heartthrob of Kansas City, Inc.,* 854 S.W.2d 38, 42 (Mo.App.1993). No facts in the record before us indicate that the circuit court abused its discretion. We affirm.

All concur.