**Jack HALE, a Minor, by Cindy HALE, next Friend, Appellant,**

v.

**CITY OF JEFFERSON, Missouri, et al., Respondents.**

**No. WD 56654.**

Missouri Court of Appeals, Western District.

Nov. 16, 1999.

---

J. Kirk Rahm, Warrensburg, for Appellant.

Christopher P. Rackers, Jefferson City, Robert D. Rowland, Edwardsville, IL, for Respondents.

Before EDWIN H. SMITH, P.J., HOWARD, J., and TURNAGE, Sr. J.

EDWIN H. SMITH, Judge.

Jack Hale, by his mother and next friend, Cindy Hale, appeals from the judgment of the circuit court in favor of the respondent, the City of Jefferson, Missouri, a municipality organized and existing under the laws of the State of Missouri, on his claim for personal injuries sustained while using the waterslide at Memorial Park Pool, owned, operated and maintained by the respondent.

The appellant raises two points on appeal. In his first point, he claims that the trial court erred in granting summary judgment to the respondent on his claim in Count I of his petition against the respondent for personal injuries, which he allegedly received from a dangerous condition existing on the respondent's waterslide, because in his response to the respondent's motion for summary judgment, he alleged facts sufficient to establish each and every element of his claim. In his second point, he claims that the trial court erred in sustaining the respondent's motion for judgment on the pleadings as to his claim in Count IV of his petition, based on the doctrine of *res ipsa loquitur*, because such claim was not barred by the doctrine of sovereign immunity, as found by the trial court.

We affirm in part, and reverse and remand in part.

### Facts

On July 10, 1995, the appellant, an eleven-year-old boy, went swimming at Memorial Park Pool, a public pool owned, operated, and maintained by the respondent. While at the pool, the appellant was playing on a waterslide also owned, operated, and maintained by the respondent. While playing on the waterslide, the appellant suffered injuries to his teeth and jaw, including one of his permanent front teeth being pulled out and another being shattered.

On February 18, 1998, the appellant, by his mother and next friend, Cindy Hale, filed a petition for damages in the Circuit Court of Cole County. The three-count petition stated a claim in Count I against the respondent for failure to warn of a dangerous condition; in Count II against Miracle Recreation Equipment Company (Miracle), the manufacturer and installer

of the waterslide, for strict liability and negligent design; and in Count III against RAJAC Construction and Development Corporation (RAJAC), who poured the concrete footings for the waterslide, for negligent design.

On April 28, 1998, the respondent filed its motion for summary judgment as to Count I of the appellant's petition. In its motion, the respondent alleged that it was entitled to summary judgment because the appellant could not establish, as required to defeat the respondent's sovereign immunity, that his injuries resulted from the allegedly dangerous condition of the waterslide. On May 26, 1998, Miracle and RAJAC filed a joint motion for summary judgment as to Counts II and III of the appellant's petition in which they alleged that there was no genuine dispute of material fact and that they were entitled to judgment as a matter of law because the appellant could not prove that his injuries were caused by the dangerous design of the waterslide.

In response to the respondent's motion for summary judgment, the appellant contended that there was a genuine dispute of material fact as to whether there was a dangerous condition of the waterslide, which caused his injuries. In support of his contention, he attached the affidavit of Dr. Richard Graham, the dentist who treated him after the accident. Dr. Graham stated that he believed, to a reasonable degree of medical certainty, that the appellant's injuries were suffered on the waterslide at Memorial Park Pool when his front teeth became hooked on a stationary object on the slide. The appellant also attached a counter-affidavit from one of his attorneys. In her affidavit, she stated that she had inspected the waterslide on December 14, 1995, and found a raised lip at a seam between two sections of the waterslide, caused by the lower section being higher than the upper section, which was approximately 1/8" to 1/4" high.

On June 11, 1998, the appellant filed a first amended petition, which added Count IV against the respondent seeking recovery for his personal injuries under the theory of *res ipsa loquitur*. On July 28, 1998, the respondent filed a motion for judgment on the pleadings as to this count. In its motion, the respondent alleged that the appellant's claim under a theory of *res ipsa loquitur* was barred by the doctrine of sovereign immunity. In support, the respondent first argued that to overcome sovereign immunity the appellant had to prove that his injuries resulted directly from the alleged dangerous condition of the waterslide. From this, it argued that the appellant was required to plead and prove specific negligence and could not rely on the doctrine of *res ipsa loquitur* to create an inference of negligence.

On November 3, 1998, the trial court, the Honorable Patricia S. Joyce, granted the respondent's motions for summary judgment [1] and judgment on the pleadings. The trial court also granted Miracle and RAJAC's motion for summary judgment. The appellant filed his notice of appeal on December 3, 1998, as to all three defendants. On January 6, 1999, he filed a motion to dismiss his appeal as to defendants Miracle and RAJAC. The motion was sustained by this court on January 15, 1999.

This appeal follows.

1. The respondent's motion for summary judgment was directed at Count I of the appellant's original petition, which was identical to Count I of his first amended petition. Although the respondent did not refile the motion for summary judgment in response to the first amended petition, the record reflects that the trial court treated the respondent's motion as pertaining to Count I of the first amended petition. The record does not reflect that the appellant ever received notice that the respondent's motion for summary judgment would be called up for hearing with respect to his amended petition. However, the appellant does not raise this issue on appeal and appears to have acquiesced below in the motion for summary judgment being heard as to his amended motion. As such, we find that the trial court did not err in ruling on the motion as the appellant acquiesced in the court's action. *See Keim v. Big Bass, Inc.*, 949 S.W.2d 122, 125 (Mo.App.1997).

## I.

In his first point, the appellant claims that the trial court erred in granting summary judgment to the respondent on his claim against it for personal injuries, which he allegedly received from a dangerous condition existing on the respondent's waterslide, because in his response to the respondent's motion for summary judgment he alleged facts sufficient to establish each and every element of his claim. We agree.

> Our review is essentially *de novo*. The criteria on appeal for testing the propriety of summary judgment are no different from those which should be employed by the trial court to determine the propriety of sustaining the motion initially. The propriety of summary judgment is purely an issue of law. As the trial court's judgment is founded on the record submitted and the law, an appellate court need not defer to the trial court's order granting summary judgment.

*ITT Commercial Fin. Corp. v. Mid–America Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo. *banc* 1993) (citations omitted). Summary judgment will be upheld on appeal if: (1) there is no genuine dispute of material fact, and (2) the movant is entitled to judgment as a matter of law.

*Id.* at 377.

> When considering appeals from summary judgments, the [c]ourt will review the record in the light most favorable to the party against whom judgment was entered. Facts set forth by affidavit or otherwise in support of a party's motion are taken as true unless contradicted by the non-moving party's response to the summary judgment motion. We accord the non-movant the benefit of all reasonable inferences from the record.

*Id.* at 376.

██ Pursuant to the doctrine of sovereign immunity, public entities are protected from liability for negligent acts.

§ 537.600; *Fantasma v. Kansas City, Mo., Bd. of Police Comm'rs*, 913 S.W.2d 388, 391 (Mo.App.1996). The legislature reinstated sovereign immunity in 1987 by enacting § 537.600,[2] after the doctrine was abrogated by the Missouri Supreme Court in *Jones v. State Highway Commission*, 557 S.W.2d 225 (Mo. *banc* 1977). *Uptergrove v. Housing Auth.*, 935 S.W.2d 649, 652 (Mo.App.1996). Section 537.600 provides, in pertinent part, as follows:

> 1. Such sovereign or governmental tort immunity as existed at common law in this state prior to September 12, 1977, except to the extent waived, abrogated or modified by statutes in effect prior to that date, shall remain in full force and effect; except that, the immunity of the public entity from liability and suit for compensatory damages for negligent acts or omissions is hereby expressly waived in the following instances:
>
> (1) Injuries directly resulting from the negligent acts or omissions by public employees arising out of the operation of motor vehicles or motorized vehicles within the course of their employment;
>
> (2) Injuries caused by the condition of a public entity's property if the plaintiff establishes that the property was in dangerous condition at the time of the injury, that the injury directly resulted from the dangerous condition, that the dangerous condition created a reasonably foreseeable risk of harm of the kind of injury which was incurred, and that either a negligent or wrongful act or omission of an employee of the public entity within the course of his employment created the dangerous condition or a public entity had actual or constructive notice of the dangerous condition in sufficient time prior to the injury to have taken measures to protect against the dangerous condition. . . .

§ 537.600. As such, § 537.600 provides for two exceptions to the sovereign immunity doctrine: (1) the "motor vehicle excep-

---

**2.** All statutory references are to RSMo 1994, unless otherwise indicated.

tion"; and (2) the "dangerous· condition exception." *Uptergrove*, 935 S.W.2d at 653.

The appellant here seeks to recover damages for personal injuries resulting from an alleged dangerous condition of the respondent's waterslide. To state a claim for personal injury under the "dangerous condition exception" of § 537.600, a plaintiff is required to plead and prove that: (1) a dangerous condition existed on public property; (2) the injury directly resulted from the dangerous condition; (3) the dangerous condition created a reasonably foreseeable risk of the kind of harm incurred; and (4) a public employee negligently created the condition or the public entity had actual or constructive notice of the condition. *State ex rel. Missouri Highway and Transp. Comm'n v. Dierker*, 961 S.W.2d 58, 60 (Mo. *banc* 1998). As to these elements of proof, the appellant alleged in Count I of his first-amended petition that: (1) a dangerous condition existed on the waterslide because the respondent maintained it in such a fashion that: (a) a fiberglass section of the waterslide was raised approximately ¼ of an inch above the section immediately preceding it, creating a raised seam between sections; and (b) although he entered the waterslide in the correct position, the water flow caused him to "flip[ ] onto his stomach after rounding a curve of the waterslide"; (2) that his injuries "directly resulted from this dangerous seam-like lip" and "dangerous speed of the water flow on the waterslide"; (3) his injuries were reasonably foreseeable; and (4) the respondent "negligently created the condition or had actual or constructive notice of the dangerous conditions." As such, the appellant sufficiently pled a claim for personal injuries resulting under the "dangerous condition" exception of § 537.600. *Id.*

To be entitled to summary judgment, under Rule 74.04,[3] on the appellant's claim in Count I of his petition, the respondent was required to show that: (1) there was no genuine dispute as to those material facts upon which the appellant would have had the burden of persuasion at trial; and (2) based on the undisputed facts, it was entitled to judgment as a matter of law. Rule 74.04; *ITT Commercial Fin. Corp.*, 854 S.W.2d at 379–80. If the movant for summary judgment is a defending party, as is the case here, the movant may establish a *prima facie* case for summary judgment by one or more of the following three means: (1) showing facts that negate any one of the appellant's proof elements; (2) showing that the appellant, after an adequate period of discovery, has not produced and would not be able to produce evidence sufficient to allow the trier of fact to find the existence of any one of his proof elements; or (3) showing that there is no genuine dispute as to the existence of each of the facts necessary to support a properly pleaded affirmative defense by the respondent. *ITT Commercial Fin. Corp.*, 854 S.W.2d at 381. "Regardless of which of these three means is employed by the 'defending party,' each establishes a right to judgment as a matter of law. Where the facts underlying this right to judgment are beyond dispute, summary judgment is proper." *Id.*

In its motion for summary judgment, the respondent employed the second means for making a *prima facie* case for summary judgment by alleging that the appellant had not produced and would not be able to produce sufficient evidence to allow the trier of fact to find that his injuries directly resulted from a dangerous condition on the waterslide because neither the appellant nor his mother could identify the dangerous condition of the slide that caused his injuries. In so alleging, it relied on the deposition testimony of

**3.** All rule references are to the Missouri Rules of Civil Procedure (1998), unless otherwise indicated.

the appellant and his mother wherein they stated that they did not know how the appellant was injured. Thus, the respondent argues that it made a *prima facie* case for summary judgment by showing that there was no genuine dispute as to the material facts relied upon by the appellant to establish the causation element of his claim, and that it was entitled to judgment as a matter of law. Both the appellant and his mother conceded that they did not know exactly what caused the appellant's injuries. As such, the respondent made a *prima facie* case for summary judgment by showing that the appellant had not produced and would not be able to produce evidence to establish the requisite element of causation of his claim under the "dangerous condition" exception of § 537.600. *ITT Commercial Fin. Corp.*, 854 S.W.2d at 381.

Once the movant has met the burden imposed by Rule 74.04(c) for establishing a *prima facie* case for summary judgment, the burden then shifts to the non-movant to show that the movant was not entitled to summary judgment, as a matter of law. *Id.* at 381. If the burden shifts, the non-movant must then "show— by affidavit, depositions, answers to interrogatories, or admissions on file—that one or more of the material facts shown by the movant to be above any genuine dispute is, in fact, genuinely disputed," or that, under the undisputed facts, the respondent was not entitled to judgment as a matter of law. *Id.* at 381.

There is no dispute that the appellant was injured while using the waterslide owned, maintained, and operated by the respondent. The dispute is over whether the appellant's injuries directly resulted from a dangerous condition on the waterslide. "The phrase 'directly resulted from' in section 537.600.1(2) is synonymous with 'proximate cause.'" *Dierker*, 961 S.W.2d at 60 (*citing Dale v. Edmonds*, 819 S.W.2d 388, 390 (Mo.App.1991) (*citing Applebee v. Ross*, 48 S.W.2d 900, 902 (Mo. 1932))).

Proximate cause requires something in addition to a "but for" causation test because the "but for" causation test serves only to exclude items that are not causal in fact; it will include items that are causal in fact but that would be unreasonable to base liability upon because they are too far removed from the ultimate injury or damage. The practical test of proximate cause is generally considered to be whether the negligence of the defendant is that cause or act of which the injury was the natural and probable consequence.

*Id.* (citations omitted). Causation is generally an issue for the trier of fact. *Peterson v. Summit Fitness, Inc.*, 920 S.W.2d 928, 936 (Mo.App.1996).

In his response to the respondent's motion for summary judgment, the appellant argues that there was a genuine dispute of material facts as to whether his injuries directly resulted from a dangerous condition on the respondent's waterslide. In so arguing, the appellant relies on the counter-affidavit of Dr. Graham, the dentist who treated the injuries to his teeth and jaw. In his affidavit, Dr. Graham stated that:

On July 10, 1995, I treated Jack Hale for injuries to his face and teeth which were said to have been received by him on a waterslide at the Memorial Park Pool.

The injury to Jack Hale's teeth was suffered when his upper front teeth became hooked on a stationary object and the weight and velocity of his body avulsed the involved teeth, bony, and soft tissue toward the front of his face.

In repairing the damage to Jack Hale's teeth, I removed small bone fragments and multiple flecks of blue paint or blue plastic from the area of injury.

The blue color of the paint or plastic is visually consistent with the color of the waterslide at Memorial Park Pool.

In my opinion, to a reasonable degree of medical certainty, Jack Hale's injuries

were suffered on the waterslide at Memorial Park Pool.

He also relies on the counter-affidavit of Sharon Schulte, one of his attorneys, which stated that she had inspected the waterslide on December 14, 1995, and found a raised seam between two sections of the slide which was 1/8" to 1/4" in height. He claims that these counter-affidavits were sufficient to rebut the respondent's *prima facie* case for summary judgment, premised on a failure to establish proximate cause, as they created a genuine dispute of material fact as to whether his injuries directly resulted from a dangerous condition on the slide, and we agree. From the counter-affidavits it is reasonable to infer that as the appellant was sliding down the waterslide, his teeth were "hooked" on the raised seam, directly resulting in his injury. Hence, a factual issue was raised as to whether the appellant's injury was proximately caused by a dangerous condition of the waterslide. Accordingly, we agree with the appellant that the trial court erred in entering summary judgment for the respondent on the issue of proximate cause.

## II.

In his second point, the appellant claims that the trial court erred in granting the respondent's motion for judgment on the pleadings as to Count IV of his first amended petition, because the claim, based on *res ipsa loquitur*, was not barred by the doctrine of sovereign immunity. Specifically, he argues that he was not required to plead and prove the specific cause of his injury to overcome the sovereign immunity of the respondent, based on the dangerous condition exception of § 537.600, on his claim for personal injuries resulting from the alleged dangerous condition of the respondent's waterslide.

Appellate review of the grant of either a motion to dismiss or a motion for summary judgment is similar in that in both instances the court engages in an essentially de novo review of an issue of law. *Jordan v. Willens,* 937 S.W.2d 291, 293 (Mo.App.1996). In reviewing the grant of summary judgment, however, the evidence is viewed in the light most favorable to the non-moving party, and the nonmoving party is given all reasonable inferences from the record in determining whether there is any genuine issue of material fact. *Id.*

By contrast, appellate review of the grant of a motion to dismiss is limited to an examination of the pleadings to determine whether the Petition invokes principles of substantive law. *Id.* The pleadings are liberally construed and all facts alleged are accepted as true and construed in the light most favorable to the plaintiff. *Id.*

*Behrenhausen v. All About Travel, Inc.,* 967 S.W.2d 213, 216 (Mo.App.1998).

The party moving for judgment on the pleadings admits, for purposes of the motion, the truth of all well pleaded facts in the opposing party's pleadings. "The position of a party moving for judgment on the pleadings is similar to that of a movant on a motion to dismiss, i.e., assuming the facts pleaded by the opposite party to be true, these facts are nevertheless insufficient as a matter of law." A motion for judgment on the pleadings should not be sustained where a material issue of fact exists. A motion for judgment on the pleadings should be sustained if, from the face of the pleadings, the moving party is entitled to judgment as a matter of law.

*Barker v. Danner,* 903 S.W.2d 950, 957 (Mo.App.1995) (citations omitted) (*quoting Angelo v. City of Hazelwood,* 810 S.W.2d 706, 707 (Mo.App.1991)).

In Count IV of his amended petition, the appellant alleged that his teeth somehow became hooked on an unspecified part of the respondent's waterslide, causing him to suffer injuries to his teeth and jaw. However, rather than alleging a specific dangerous condition, as he did in Count I, he relied on the doctrine of *res ipsa loquitur*

to establish an inference of negligence on the part of the respondent. In its motion for judgment on the pleadings as to Count IV, the respondent alleged that to establish the dangerous-condition exception to its sovereign immunity, the appellant was required to allege and prove that his injuries directly resulted from a specific dangerous condition of its property and could not rely on the doctrine of *res ipsa loquitur,* which allows recovery based on allegations of general negligence, to defeat its sovereign immunity. Based on our research, the issue of whether a plaintiff can defeat sovereign immunity based on a dangerous condition of property, pursuant to § 537.600.1(2), under a theory of *res ipsa loquitur* appears to be a case of first impression in Missouri. For the reasons stated, *infra,* we find that a plaintiff cannot rely on *res ipsa* to defeat sovereign immunity based on the dangerous-condition exception of § 537.600.1(2).

■■■■ The doctrine of *res ipsa loquitur* is a rule of evidence that allows a jury to infer from circumstantial evidence that the plaintiff's injury resulted from some negligent act of the defendant, without requiring the plaintiff to allege and prove specific negligence. *Weaks v. Rupp,* 966 S.W.2d 387, 393 (Mo.App.1998). A plaintiff attempting to recover by means of *res ipsa* is relieved from the burden of pleading and proving specific negligence. *Bonnot v. City of Jefferson City,* 791 S.W.2d 766, 768 (Mo.App.1990). To make a submissible case by this means, the claimant is required to establish that: (1) the incident causing the injury is of the kind that does not ordinarily occur in the absence of negligence; (2) the instrumentality causing the injury is under the control of the defendant; and (3) the defendant has superior knowledge about the cause of the injury. *Weaks,* 966 S.W.2d at 393–94. These requirements are incompatible with any theory of recovery requiring proof of specific negligence. *Id.*

■■■■ The required elements to establish the dangerous-condition exception

to sovereign immunity are statutorily mandated and are found in § 537.600.1(2). In determining whether sovereign immunity is waived, the statute is to be strictly construed. *Dierker,* 961 S.W.2d at 61. To establish the dangerous-condition exception and defeat sovereign immunity, the claimant is required by statute to plead and prove that: (1) a dangerous condition existed on the non-claimant's property; (2) his injuries directly resulted from the dangerous condition; (3) the dangerous condition created a reasonably foreseeable risk of the kind of harm incurred; and (4) an employee of the non-claimant negligently created the condition or the public entity had actual or constructive notice of the condition. § 537.600.1(2); *Dierker,* 961 S.W.2d at 60. The proof elements of the exception require the claimant to identify specifically the dangerous condition on which he or she is relying to recover and the causal connection to his or her claimed injuries. Section 537.600 does not provide any exception to establishing the dangerous-condition exception. As such, strictly construing § 537.600.1(2), the rule of evidence of *res ipsa loquitur* must fall to the specific mandate of the statute when determining what proof is required in order to defeat sovereign immunity based on the dangerous-condition exception. *See State v. Williams,* 729 S.W.2d 197, 201 (Mo. banc 1987) (stating that "the well-established rule is that the legislature has plenary power to prescribe or alter rules of evidence ... in the absence of an express constitutional guarantee to the contrary").

In summary, we hold that in order for a claimant to avail himself or herself of the dangerous-condition exception of § 537.600.1(2) to defeat sovereign immunity, the claimant must plead and prove all four elements set forth in the statute, requiring allegations and proof of specific negligence with respect to a known dangerous condition of the sovereign's property. Further, because: (1) these statutory requirements of proof trump any contrary rules of evidence as to the required proof

to establish the exception; and (2) the doctrine of *res ipsa loquitur* is a rule of evidence which is contrary in that it would allow allegations and proof of general negligence, rather than specific negligence, as required by § 537.600.1(2), to make a submissible case, *res ipsa* cannot be employed by a claimant to establish the dangerous-condition exception of the statute as a basis for his or her recovery.

Point denied.

### Conclusion

The judgment of the circuit court sustaining the respondent's motion for judgment on the pleadings as to Count IV of the appellant's petition is affirmed; its judgment sustaining the respondent's motion for summary judgment on Count I of his petition is reversed and the cause remanded for further proceedings in accordance with this opinion.

All concur.