Sheila FOSKET, Appellant,

v.

CITY OF DIXON, Respondent.

No. SD 32084.

Missouri Court of Appeals,
Southern District,
Division One.

April 4, 2013.

Motion for Rehearing and/or Transfer to Supreme Court Denied April 15, 2013.

Application for Transfer Denied May 28, 2013.

---

Spencer E. Farris, St. Louis, MO, for appellant.

Deborah A. Meyer, and Brenda K. Achenbach, St. Louis, MO, for respondent.

WILLIAM W. FRANCIS, JR., J.

Sheila Fosket ("Fosket") filed suit against the City of Dixon ("City") alleging City was negligent for injuries she sustained when she fell after stepping on a manhole cover on a street under the custody and control of City. Following submission of Fosket's evidence, Fosket moved to amend her pleadings to add a *res ipsa loquitur* claim against City based on the evidence at trial. The trial court denied her motion. The jury returned a verdict for City. This appeal followed. We affirm the judgment of the trial court.

## Factual and Procedural Background

On August 31, 2007, Fosket injured her right leg when she stepped on a manhole cover that opened causing her to fall into the water meter pit below. The manhole cover and water meter pit were located on a street in the City.

On October 30, 2008, Fosket filed suit alleging City was negligent in its failure to remedy or warn of a dangerous condition: the unsecured manhole cover. The deposition of Melvin Goodman ("Goodman"), the supervisor of the maintenance department for City, was taken on June 30, 2009, during the discovery phase of the case. At no time following Goodman's deposition in 2009, until trial in 2012, did Fosket file an amended petition. The case proceeded to trial on January 26, 2012.

At trial, Goodman's deposition was read to the jury by Fosket's attorney without objection. Following the reading of Goodman's deposition, Fosket closed her case. At that time, City moved for a directed verdict and Fosket moved to amend her pleadings to conform to the evidence to add a *res ipsa loquitur* claim based on evidence adduced at trial, mainly Goodman's deposition testimony.[1] The trial court denied both motions. City's motion for a directed verdict and Fosket's motion to amend her pleadings were renewed at the close of all the evidence and the trial court denied City's motion and proceeded with the instruction conference.[2]

---

1. Both motions were made orally.

2. Fosket moved orally to amend her pleadings to include a claim of *res ipsa loquitur* on two occasions. First, at the close of her case and then at the close of all of the evidence. After review of the transcript, it does not appear that the trial court ruled on her second re-

The jury returned a verdict in favor of City. On March 6, 2012, Fosket filed a "Motion for New Trial." The trial court did not rule on the Motion for New Trial and, therefore, pursuant to Rule 78.06,[3] it was deemed overruled for all purposes after ninety days. This appeal followed.

The issue for our determination is whether the trial court erred in overruling Fosket's motion to amend her petition to conform to the evidence to include a theory of *res ipsa loquitor.*

## Standard of Review

 A trial court has broad discretion in allowing amendments to pleadings. *In re Estate of Goldschmidt,* 215 S.W.3d 215, 223 (Mo.App. E.D.2006). We will not disturb a trial court's denial of a motion to amend a pleading unless the decision is clearly erroneous. *Id.* "A trial court does not err when it denies a motion to amend a pleading to assert a claim that possesses no merit." *Curnutt v. Scott Melvin Transport, Inc.,* 903 S.W.2d 184, 194 (Mo. App. W.D.1995). However, it is considered an abuse of discretion to refuse to grant leave to amend a pleading when justice so requires. *Sloan–Odum v. Wilkerson,* 176 S.W.3d 723, 725 (Mo.App. E.D. 2005).

## Analysis

Fosket alleges error was committed by the trial court when it denied her motion for leave to amend her pleadings to include the claim of *res ipsa loquitur.*

Under Rule 55.33(a), once a responsive pleading is served, a pleading may be amended "only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." As noted, the denial of leave to amend is within the discretion of the trial court. Here, we cannot say the trial court abused its discretion because under *Hale v. City of Jefferson,* 6 S.W.3d 187 (Mo.App. W.D.1999), Fosket's *res ipsa loquitur* claim is barred by the doctrine of sovereign immunity.

In *Hale,* the issue was "whether a plaintiff can defeat sovereign immunity based on a dangerous condition of property, pursuant to § 537.600.1(2), under a theory of *res ipsa loquitur* [,]" which the court found was a case of first impression in Missouri. *Id.* at 196. In *Hale,* the Western District provided a thorough analysis of the application of the *res ipsa loquitur* theory to entities protected by sovereign immunity:

> The doctrine of *res ipsa loquitur* is a rule of evidence that allows a jury to infer from circumstantial evidence that the plaintiff's injury resulted from some negligent act of the defendant, without requiring the plaintiff to allege and prove specific negligence. *Weaks v. Rupp,* 966 S.W.2d 387, 393 (Mo.App. 1998). A plaintiff attempting to recover by means of *res ipsa* is relieved from the burden of pleading and proving specific negligence. *Bonnot v. City of Jefferson City,* 791 S.W.2d 766, 768 (Mo.App. 1990). To make a submissible case by this means, the claimant is required to establish that: (1) the incident causing the injury is of the kind that does not ordinarily occur in the absence of negligence; (2) the instrumentality causing the injury is under the control of the defendant; and (3) the defendant has superior knowledge about the cause of the injury. *Weaks,* 966 S.W.2d at 393–94. These requirements are incompatible with any theory of recovery requiring proof of specific negligence. *Id.*

---

quest, but instead, proceeded to the instruction conference.

**3.** All rule references are to Missouri Court Rules (2012).

The required elements to establish the dangerous-condition exception to sovereign immunity are statutorily mandated and are found in § 537.600.1(2). In determining whether sovereign immunity is waived, the statute is to be strictly construed. [*State ex rel. Missouri Highway and Transp. Comm'n v.*] *Dierker,* 961 S.W.2d [58,] 61 [ (Mo. *banc* 1998) ]. To establish the dangerous-condition exception and defeat sovereign immunity, the claimant is required by statute to plead and prove that: (1) a dangerous condition existed on the non-claimant's property; (2) his injuries directly resulted from the dangerous condition; (3) the dangerous condition created a reasonably foreseeable risk of the kind of harm incurred; and (4) an employee of the non-claimant negligently created the condition or the public entity had actual or constructive notice of the condition. § 537.600.1(2); *Dierker,* 961 S.W.2d at 60. The proof elements of the exception require the claimant to identify specifically the dangerous condition on which he or she is relying to recover and the causal connection to his or her claimed injuries. Section 537.600 does not provide any exception to establishing the dangerous-condition exception. As such, strictly construing § 537.600.1(2), the rule of evidence of *res ipsa loquitur* must fall to the specific mandate of the statute when determining what proof is required in order to defeat sovereign immunity based on the dangerous-condition exception. *See State v. Williams,* 729 S.W.2d 197, 201 (Mo. *banc* 1987) (stating that "the well-established rule is that the legislature has plenary power to prescribe or alter rules of evidence ... in the absence of an express constitutional guarantee to the contrary").

In summary, we hold that in order for a claimant to avail himself or herself of the dangerous-condition exception of § 537.600.1(2) to defeat sovereign immunity, the claimant must plead and prove all four elements set forth in the statute, requiring allegations and proof of specific negligence with respect to a known dangerous condition of the sovereign's property. Further, because: (1) these statutory requirements of proof trump any contrary rules of evidence as to the required proof to establish the exception; and (2) the doctrine of *res ipsa loquitur* is a rule of evidence which is contrary in that it would allow allegations and proof of general negligence, rather than specific negligence, as required by § 537.600.1(2), to make a submissible case, *res ipsa* cannot be employed by a claimant to establish the dangerous-condition exception of the statute as a basis for his or her recovery.

*Hale,* 6 S.W.3d at 196–97.

■ The Western District explicitly held in *Hale* that *res ipsa loquitur* cannot be employed by a claimant to make a submissible case for personal injury to defeat sovereign immunity because the heart of the *res ipsa loquitur* doctrine is: a plaintiff is not required to allege and prove specific negligence. The purpose of the *res ipsa loquitur* doctrine is a stark contrast to the proof requirements of the "dangerous condition" exception to sovereign immunity. *Id.* at 196.

Here, the City, as a public entity, is shielded from liability pursuant to sovereign immunity as set forth in section 537.600. To make a claim against the City, Fosket must meet the "dangerous condition" exception to sovereign immunity found in section 537.600.1(2). Because of the *Hale* ruling, Fosket cannot meet this exception under the doctrine of *res ipsa loquitur.*

Fosket cites *Larison v. Public Water Supply Dist. No. 1 of Andrew County*, 998 S.W.2d 192 (Mo.App. W.D.1999) and *Martin v. City of Washington*, 848 S.W.2d 487 (Mo. banc 1993), in an attempt to distinguish the *Hale* opinion. However, in both cases, the courts determined the plaintiffs could not establish elements of the doctrine of *res ipsa loquitur* to make a submissible case. *Larison*, 998 S.W.2d at 197; *Martin*, 848 S.W.2d at 495. The courts did not address the issue of whether the theory of *res ipsa loquitur* could be applied to defeat sovereign immunity, but the Western District addressed that very issue for the first time in Missouri two months after the *Larison* opinion. *See Hale*, 6 S.W.3d at 187.

In light of the *Hale* opinion, we cannot say that the trial court abused its discretion in refusing to grant Fosket leave to amend her petition to include the claim of *res ipsa loquitur*.

Accordingly, the judgment of the trial court is affirmed.

GARY W. LYNCH, P.J. and NANCY STEFFEN RAHMEYER, J., Concur.