

# In the
# Missouri Court of Appeals
## Western District

J.H., A MINOR, BY AND THROUGH ) 
HIS NATURAL MOTHER AND ) 
NEXT FRIEND, ROXANNA LOUIS ) 
MEUDT-ANTELE, ) 
         ) 
        Appellants, )   **WD85288**
         ) 
v. )   **OPINION FILED:**
         )   **February 14, 2023**
JEFFERSON CITY PUBLIC ) 
SCHOOL DISTRICT, ET AL., ) 
         ) 
        Respondents. ) 

**Appeal from the Circuit Court of Cole County, Missouri**
The Honorable Cotton Walker, Judge

Before Special Division:  Gary D. Witt, Chief Judge, Presiding, Mark D. Pfeiffer, Judge,
and Cynthia L. Martin, Judge

Appellant, J.H., by and through his Next Friend, Roxanna Louis Meudt-Antele,

appeals the grant of summary judgment by the Circuit Court of Cole County, Missouri

("motion court"), in favor of Respondents Jefferson City Public School District, et al.

("School District").  On appeal, J.H. claims that the motion court erred in granting summary

judgment because the Missouri Human Rights Act[1] prohibits discrimination in public accommodation, and a genuine issue of material fact exists as to whether male and female wrestlers were provided equal treatment under the same rules, and male wrestlers were disadvantaged and discriminated against due to their gender. We reverse the judgment of the motion court and remand for further proceedings consistent with this opinion.

## Factual and Procedural Background[2]

In November of 2017, J.H. was a seventh-grade male at Thomas Jefferson Middle School in the Jefferson City School District; J.H. was on the coed wrestling team. Alexander Whelan was an assistant wrestling coach, and Mitchell Werdehausen was the middle school head wrestling coach. After a few weeks of practice, and in preparation for the season's first wrestling meet, Coach Werdehausen advised the males on the wrestling team several times that they would need to get their hair cut above their eyebrows in the front, above the ear lobe on the sides, and above a shirt collar in the back in order to compete in compliance with the Missouri State High Schools Activities Association and the National Federation of State High School Association wrestling rules. Coach Werdehausen reminded J.H. the night before their first meet that he would need to get his hair cut.

On November 14, 2017, after school, the wrestlers reported to the gym to prepare for their first meet, which was at another school. The wrestlers dressed for the meet, and

---

[1] Section 213.065. All statutory references are to the Revised Statutes of Missouri (2016), as updated by supplement.

[2] In reviewing a grant of summary judgment, we view the evidence in the light most favorable to the non-moving party, giving him all reasonable inferences from the record in determining whether there is any genuine issue of material fact. *Hale ex rel. Hale v. City of Jefferson*, 6 S.W.3d 187, 195 (Mo. App. W.D. 1999).

then, while several of the male wrestlers were still in the locker room, Assistant Coach Whelan told J.H. to come over and get his hair cut. J.H. did not want to have his hair cut at school, and he tried unsuccessfully to call his mother. Coach Whelan approached J.H. with a pair of scissors and instructed him to cut his own hair. Not wanting his hair cut but being unsure of how to handle the situation, J.H., who was "scared out of [his] mind," slowly started to cut small pieces off of the hair over his eyebrows. Growing impatient, Coach Whelan set a timer for thirty seconds during which J.H. was instructed to finish cutting his hair. After the timer expired, J.H. tried to run, but Coach Whelan instructed the males remaining in the locker room to hold J.H. down while Coach Whelan cut a large chunk out of J.H.'s hair. J.H., upset, threw his backpack at the lockers and then left the locker room with his head down, and crying. The other wrestlers were commenting to each other about the incident.

After the haircutting incident, Coach Whelan approached Coach Werdehausen and notified him that he had cut J.H.'s hair and that J.H. was upset. Coach Whelan did not inform Coach Werdehausen, who was not in the locker room at the time of the incident, that other wrestlers were involved or that J.H. was held down by his teammates. Coach Werdehausen pulled J.H. aside and told him that Coach Whelan should not have cut J.H.'s hair and that he was going to report the incident to the Athletic Director for the District. J.H. competed in the meet, winning one match and losing another. Coach Whelan was terminated from his coaching position the following day, and he eventually resigned his teaching position with the District. J.H. continued to receive comments from other students

3

and at least one teacher about being the "kid that got the haircut" or the "kid that got the coach fired."

There was one female member of the middle school wrestling team; the female had long hair, but she was provided a cap to cover her hair during wrestling matches and practice, which was in compliance with the rules. The coaches never informed J.H. that he had the option to wear a cap instead of getting his hair cut. He was only instructed on multiple occasions that he needed to get his hair cut in order to compete. While other witnesses testified that anyone on the team could have worn the hair cover, Coach Whelan testified in his deposition that Coach Werdehausen informed the entire team that the only hair cover that the team had was reserved for the female wrestler and could not be shared, presumably for hygiene reasons.

J.H., through his next friend, brought suit against the School District and Coach Whelan individually, raising claims of assault and battery; false imprisonment; bullying and harassment; negligent supervision and/or hiring; negligent failure to supervise children; negligent infliction of emotional distress; intentional infliction of emotional distress; and violation of the Missouri Human Rights Act ("MHRA"). The District filed a motion for summary judgment alleging the defense of sovereign immunity for J.H.'s first seven counts and that J.H.'s MHRA claim failed to state a claim as a matter of law because J.H. could not show that he was deprived of any public accommodation in that he was not denied the opportunity to wrestle after he received his haircut; and J.H. could not show that his gender was a contributing factor in his receiving the haircut because Coach Werdehausen testified in his deposition that J.H. could have worn the hair covering if he

4

had so chosen. The motion court granted the School District's motion in its entirety, disposing of all claims against the School District, and the judgment states that there was no just reason for delay for purposes of Rule 74.01(b), giving this Court authority to hear the appeal.[3] J.H. appeals only the grant of summary judgment as to his MHRA claim regarding public accommodation discrimination based on gender, contending genuine issues of material fact are present as to whether he could have worn the hair covering instead of receiving the haircut as the female wrestler was allowed to do.[4]

## Standard of Review

A motion court makes its decision to grant summary judgment based on the pleadings, records submitted, and the law; therefore, the appellate court need not defer to the motion court's determination and reviews a grant of summary judgment *de novo*. *Green v. Fotoohighiam*, 606 S.W.3d 113, 115 (Mo. banc 2020). Summary judgment is only proper if the moving party establishes that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. *Id.* The record is viewed in the light most favorable to the party against whom summary judgment was entered, and all reasonable inferences from the record are also viewed in favor of the party against whom judgment was entered. *Id.* at 116.

---

[3] Because the motion court's Order and Judgment resolved all legal issues and left open no remedies against the School District, and because they were in writing, signed by the judge, and expressly denominated a judgment, the Order and judgment were, in substance and form, eligible to be certified for interlocutory appeal under Rule 74.01(b) as a final judgment. *See Butala v. Curators of University of Mo.*, 620 S.W.3d 89, 94 (Mo. banc 2021). The motion court, exercising its discretion, certified the Order and Judgment as final for purposes of appeal pursuant to Rule 74.01(b), finding there was "no just reason for delay."

[4] J.H. also originally alleged he was discriminated against based on his Hispanic race. He does not appeal the grant of summary judgment on that basis so we do not address it further. Also, J.H.'s claims against individual defendant Coach Whelan, who is no longer an employee of the School District, are not at issue in this appeal.

**Missouri Human Rights Act claim**

J.H.'s single point on appeal is that the motion court erred in granting summary judgment in favor of the School District on his MHRA claim because genuine issues of material fact exist as to whether J.H. was denied a public accommodation because of his gender. Summary judgment is proper only if the moving party establishes there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. Rule 74.04. "A genuine issue exists when the record contains competent materials that support two plausible, but contradictory, accounts of the essential facts." *City of Arnold v. Ray Dickhaner, LLC*, 649 S.W.3d 340, 343 (Mo. App. E.D. 2022), (citing *ITT Com. Fin. Corp. v. Mid-Am. Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo. banc 1993)). When determining whether a factual issue exists for summary judgment purposes, we do not weigh conflicting evidence or make credibility determinations. *Id.* We do, however, accord the non-moving party the benefit of all reasonable inferences from the record. *Id.*

Section 213.065.2 of the Missouri Human Rights Act provides that it is an unlawful discriminatory practice for:

> any person, directly or indirectly, to refuse, withhold from or deny any other person, or to attempt to refuse, withhold from or deny any other person, any of the accommodations, advantages, facilities, services, or privileges made available in any place of public accommodation, as defined in section 213.010 and this section, or to segregate or discriminate against any such person in the use thereof because of race, color, religion, national origin, sex, ancestry or disability.

The School District is considered a person for purposes of this section. *See R.M.A. by Appleberry v. Blue Springs R-IV School District*, 568 S.W.3d 420, 429 (Mo. banc 2019). An employer can also be liable for the actions of its employees under the MHRA based on

*respondeat superior.  M.N. by and Through S.N. v. North Kansas City School District,* 597 S.W.3d 786, 795 (Mo. App. W.D. 2020).  Therefore, J.H. had to show that:  (1) he is a member of a class protected by section 213.065; (2) he was discriminated against in the use of a public accommodation; and (3) his status as a member of the protected class was the motivating factor in the discrimination.  *R.M.A.*, 568 S.W.3d at 424-25; Section 213.010(2).  The MHRA is a remedial statute, and "should be construed liberally to include those cases which are within the spirit of the law[,] and all reasonable doubts should be construed in favor of applicability to the case." *Lampley v. Mo. Comm'n on Human Rights*, 570 S.W.3d 16, 23 (Mo. banc 2019).

As relevant to this analysis, J.H.'s petition alleged that he is a male and that he was discriminated against by not being allowed to wrestle unless he first cut his hair, which was not required of female wrestlers.  His response to the School District's motion for summary judgment expounded on this claim, citing deposition testimony that female wrestlers were told they could wear a hair covering, but male wrestlers were told they had to cut their hair and were denied the option of using a hair covering.  J.H.'s response to the School District's statement of uncontroverted fact also pointed out that Coach Werdehausen had testified inconsistently as to whether male wrestlers were in fact allowed to wear the head coverings in lieu of cutting their hair, and that Coach Whelan's understanding was that "the hair cover was for our one female wrestler and th[at] was—the way it was going to be.".[5]

---

[5] The School District's brief repeatedly refers to Whelan's testimony as "inadmissible hearsay," arguing that only evidence that is admissible or usable at trial may be used to obtain or defeat summary judgment. *Vescovo v. Kingsland,* 628 S.W.3d 645, 645 (Mo. App. W.D. 2020).  However, we do not agree that Whelan's testimony is categorically inadmissible.  Whelan, who is also a defendant, would certainly be able to testify as to his understanding of the team's policies and practices, the credibility of such testimony being subject to the jury's

The trial court's order incorporated into its judgment factual findings that:

23. According to the head coach of the Middle School Wrestling team, Mitchell Werdehausen, an individual can wear a hair cover to comply with the National Federation of State High School Associations' rule.

24. Coach Werdehausen testified that if J.H. wanted a hair cap he could have worn a hair cap.

25. Coach Werdehausen told J.H. that he probably needed to get his hair trimmed as his hair did not comply with the rules.

32. On the date in question, J.H. testified that Defendant Whelan told him he needed to cut his hair.

41. J.H. testified there was a female on the wrestling team who had long hair and was allowed to wear a wrestling cap.

We conclude that the inconsistencies in Coach Werdehausen's deposition testimony, coupled with the deposition testimony of Coach Whelan and J.H. himself create a genuine factual issue as to whether male wrestlers with long hair were provided the same accommodations as female wrestlers. It remains factually unclear as to whether male wrestlers during J.H.'s seventh-grade year in the School District were allowed to wrestle without having short hair while the female wrestlers were allowed to have longer hair but wear a hair covering.[6]

---

determination. And anything Coach Werdehausen told him or the members of the team is potentially admissible at trial to impeach Werdehausen's testimony, offered in defense of the School District. That is particularly so as statements of an employee made while acting within the scope of the employee's authority which are relevant to the issues involved in the cause of action are generally admissible under the statement of a party opponent exception to the hearsay rules. *M.W. by and though K.W. v. Six Flags St. Louis, LLC,* 605 S.W.3d 400, 412 (Mo. App. E.D. 2020). The decision to admit testimony at trial remains subject to the trial court's discretion, as in all cases. But the mere possibility that evidence might be excluded at trial depending on the circumstances then before the court is not sufficient to negate the existence of a genuine issue of fact in dispute for purposes of our review of the grant of summary judgment.

[6] The School District also argues at length that the fact J.H. was allowed to wrestle in the meet after his hair was cut defeats his claim. The fact that J.H. was ultimately allowed to wrestle *after* his hair was forcibly cut is irrelevant to the grant or denial of summary judgment. The School District also argues that J.H. made no mention in his petition about the fact that female wrestlers could wear a wrestling cap, preventing any reliance on this

We reverse the judgment of the motion court as to J.H.'s claim of sex discrimination under the MHRA and remand for further proceedings consistent with this opinion.

_____
Gary D. Witt, Judge

All concur.

---

difference in treatment between male and female students to reverse the grant of summary judgment. This argument ignores our standard of review, and ignores that it is the School District that introduced the subject of the option of wearing a wrestling cap in its summary judgment pleadings. If this "fact," the testimony about which is contested, was not pertinent to the School District's ability to sustain its burden to establish a right to summary judgment as a matter of law, then it is unclear why the School District addressed the "fact" in its summary judgment pleadings.